IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                             :     Chapter 11
:
DENDREON CORPORATION, et al.,                      :     Case No. 14-12515 (___)
:
Debtors.[1]                              :     Joint Administration Pending
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER ENFORCING PROTECTIONS OF 11 U.S.C. § 362
AND BANKRUPTCY TERMINATION PROVISIONS OF 11 U.S.C. § 365
PURSUANT TO 11 U.S.C. §§ 105, 362 AND 365**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (the "Motion") this Court for entry of an order, pursuant to sections 105(a), 362, 365 and 541 of title 11 of the United States Code (the "Bankruptcy Code"): (i) enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions, and the protections thereunder; and (ii) granting related relief as further described herein. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert L. Crotty in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105, 362, 365 and 541 of the Bankruptcy Code.

3. Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7. The Debtors and their non-debtor affiliates are biotechnology companies focused on the discovery, development and commercialization of novel therapies to significantly

2

improve treatment options for cancer patients. The Debtors are primarily focused on commercializing PROVENGE® in the United States and around the world. PROVENGE is a first-in-class immunotherapy used to treat patients suffering from advanced-stage prostate cancer, which is the most common non-skin cancer and the second-leading cause of cancer deaths among men in the United States.

8.  Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[2]

## RELIEF REQUESTED

9.  To aid in the administration of the Debtors' Chapter 11 Cases and to ensure that their business is not disrupted, the Debtors, out of an abundance of caution, seek entry of an order enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions, and the protections thereunder. Due to the global nature of the Debtors' business and their dealings with non-U.S. contract counterparties who may be unfamiliar with the protections of the Bankruptcy Code, such an order is necessary and appropriate to apprise those parties affected by Bankruptcy Code section 362 of that provision and the automatic stay protections provided to the Debtors. Moreover, upon learning of the commencement of the Debtors' Chapter 11 Cases, such non-U.S. contract counterparties that are party to executory contracts and unexpired leases with the Debtors may try to terminate such executory contracts or

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

unexpired leases pursuant to bankruptcy termination provisions contained therein – which would be in direct contravention of Bankruptcy Code section 365.

10. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

11. The Debtors and their non-debtor foreign affiliates have developed valuable business relationships with entities, including contract counterparties, located outside of the United States, including in various countries in the European Union (the "E.U."), such as Germany, the Netherlands, Switzerland and the United Kingdom, who are critical to the manufacturing and commercialization of PROVENGE and the overall success of the Debtors' business operations. The Debtors believe that many of these creditors and contract counterparties are unfamiliar with the provisions of the Bankruptcy Code, and in particular, the self-executing nature of the automatic stay provisions under Bankruptcy Code section 362 and the protections afforded chapter 11 debtors under Bankruptcy Code section 365. For this reason, the Debtors seek this Court's assistance in clarifying the fundamental rights and protections to which the Debtors are entitled pursuant to sections 362 and 365 of the Bankruptcy Code. The Debtors intend to provide the order to such foreign creditors and contract counterparties to ensure that they are apprised of the commencement of the Chapter 11 Cases, the imposition of the automatic stay and the protections to which the Debtors are entitled pursuant to sections 362 and 365 of the Bankruptcy Code.

12. As a result of the commencement of the Debtors' Chapter 11 Cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all persons and all governmental units from, among other things, (a) commencing or continuing

any judicial, administrative, or other proceeding against the Debtors that was or could have been commenced before the Debtors' Chapter 11 Cases were commenced or recovering upon a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases and (b) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Chapter 11 Cases. See 11 U.S.C. § 362(a).

13. The injunctions contained in section 362 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the "breathing spell" that is essential to the Debtors' ability to reorganize successfully. See, e.g., Olick v. Northampton Cnty. Tax Claim Bureau (In re Olick), 504 F. App'x 189, 193 (3d Cir. 2012) ("The automatic stay gives debtors a 'breathing spell' from creditors by stopping all collection efforts." (citation omitted)); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The automatic stay . . . gives a bankrupt a breathing spell from creditors by stopping all collection efforts, all harassment, and all foreclosure actions. [It] permits a bankrupt to attempt a repayment or reorganization plan or simply to be relieved of the financial pressures that drove him into bankruptcy.").

14. These protections extend to protect a debtor's property wherever it is located and by whomever held. See, e.g., Underwood v. Hilliard (In re Rimsat, Ltd.), 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's in rem jurisdiction over property of the estate permits injunctions against foreign proceedings pursuant to the automatic stay); Hong Kong and Shanghai Banking Corp. v. Simon (In re Simon), 153 F.3d 991, 996 (9th Cir. 1998) (bankruptcy court may protect estate property wherever located by issuing a discharge injunction under section 524 of the Bankruptcy Code). See also 11 U.S.C. § 541(a) ("The commencement of a

5

case under section 301 . . . of this title creates an estate. Such estate is comprised of all the following property, <u>wherever located and by whomever held</u> . . . ." (emphasis added)).

15. In addition, section 365(e)(1)(B) of the Bankruptcy Code protects debtors from disruptions to their business operations by prohibiting counterparties that have entered into executory contracts or unexpired leases with a debtor from terminating such contracts because of a debtor's bankruptcy filing. To that end, Bankruptcy Code section 365(e)(1)(A)-(B) provides that (subject to certain exceptions set forth under section 365(e)):

> [n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on –
> (A) the insolvency or financial condition of the debtor at any time before the closing of the case; [or]
> (B) the commencement of a case under this title . . . .

11 U.S.C. § 365(e)(1). Accordingly, section 365(e) of the Bankruptcy Code protects chapter 11 debtors by invalidating bankruptcy termination provisions (often referred to as "*ipso facto*" clauses) that otherwise permit the termination of a contract based upon (a) the insolvency or financial condition of a debtor at any time before the closing of its chapter 11 case(s) or (b) the commencement of a debtor's chapter 11 case. Similar to the automatic stay protections under Bankruptcy Code section 362, the protections arising under Bankruptcy Code section 365 are automatic upon the commencement of a chapter 11 case, and broad in scope. <u>See</u> <u>In re W.R. Grace & Co.</u>, 475 B.R. 34, 152-53 (D. Del. 2012) (finding that it is well-established that *ipso facto* clauses are unenforceable as a matter of law under the Bankruptcy Code and "the ban on *ipso facto* clauses has been interpreted to be much broader than the confines of §§ 541(c) and 365(e)(1)."), <u>aff'd</u>, 729 F.3d 332 (3d Cir. 2013).

16.     Notwithstanding the fundamental and self-executing nature of sections 362 and 365 of the Bankruptcy Code, not all parties affected (or potentially affected) by the commencement of a chapter 11 case are aware of the Bankruptcy Code provisions set forth herein. Nor are all parties cognizant of their significance and impact. Indeed, experience has shown that it is often necessary to advise third parties of the existence and effect of sections 362 and 365 of the Bankruptcy Code through a separate bankruptcy court order.

17.     Such an order is particularly appropriate here in these Chapter 11 Cases. The Debtors have material business relationships with key non-U.S. contract counterparties whom the Debtors believe likely are not aware of the provisions of the Bankruptcy Code and the significant and necessary protections provided to the Debtors under sections 362 and 365 of the Bankruptcy Code. Accordingly, the Debtors believe that, absent an order enforcing the automatic stay protections of Bankruptcy Code section 362 and the bankruptcy termination provisions of Bankruptcy Code section 365, such parties may take precipitous action against the Debtors and/or the property of the estates. Moreover, the relief requested in this Motion will (to the benefit of the Debtors and their stakeholders) ensure that such contract counterparties will not try to unilaterally terminate their contracts with the Debtors, and likely increase the chance that such contract counterparties will continue to perform under their respective executory contracts and unexpired leases.

18.     To that end, as noted in the First Day Declaration, the Debtors rely on a number of suppliers for the manufacture of the components of PROVENGE. Certain of these are non-U.S. contract parties. The counter-party to these contracts is Dendreon Corporation. Moreover, PROVENGE has been approved for marketing in the E.U. In September of 2013, the Debtors were granted an authorization to market the drug in all 28 countries of the E.U. as well

7

as Norway, Iceland and Lichtenstein. The Debtors will begin to make PROVENGE commercially available to patients in Germany and the United Kingdom in the coming months. In order to make PROVENGE commercially available in the E.U. the Debtors rely on a number of non-U.S. contract parties in their European operations, including contract parties that assist with the design and execution of clinical trials, communications, human resource management and regulatory affairs. The counter-party to these contracts is Dendreon Corporation. If any of these non-U.S. contract parties or suppliers took precipitous action against the Debtors or the property of the estates or tried to unilaterally terminate their contracts, such action could cause immediate and irreparable harm to the Debtors' business and substantially interfere with the Debtors' efforts to maximize value in these Chapter 11 Cases.

## APPLICABLE AUTHORITY

19.     The court's general equitable powers are codified in section 105(a) of the Bankruptcy Code. Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Included among such equitable powers is the bankruptcy court's broad authority to issue injunctions to enforce the automatic stay, or even to reinstate a lapsed automatic stay. See Wedgewood Investment Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.), 878 F.2d 693, 701 (3d Cir. 1989) (finding court has authority to reimpose a lapsed stay).

20.     Accordingly, the Debtors respectfully request that this Court enter an order which restates the applicable provisions of sections 362 and 365 of the Bankruptcy Code and enforces the protections thereunder. The Debtors believe that the existence of such an order, which the Debtors will be able to transmit to affected parties, will maximize the protections

afforded by the automatic stay provisions of section 362 of the Bankruptcy Code and the bankruptcy termination provisions of section 365 of the Bankruptcy Code. Further, the Debtors believe that the "automatic" and self-executing nature of these protections may not be recognized by foreign creditors or tribunals unless embodied in an order of this Court.

21.     Courts in this and other districts have previously granted the same or similar relief as requested in this Motion to chapter 11 debtors. See, e.g., In re Savient Pharms., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Oct. 16, 2013); In re Ampal-American Israel Corp., Case No. 12-13689 (SMB) (enforcing the automatic stay provisions) (Bankr. S.D.N.Y. Aug. 30, 2012); In re iBAHN Corp., Case No. 13-12285 (PJW) (Bankr. D. Del. Sept. 9, 2013) (restating and enforcing Bankruptcy Code sections 362 and 365); In re Prince Sports, Inc., Case No. 12-11439 (KJC) (Bankr. D. Del. May 2, 2012) (same); In re Nortel Networks, Inc., Case No. 09-10138 (KG) (Bankr. D. Del. Jan. 15, 2009).[3]

## NOTICE

22.     Notice of this Motion shall be given to: (i) the U.S. Trustee, (ii) the indenture trustee for the 2.875% Convertible Senior Notes due 2016, (iii) counsel to the Unaffiliated Noteholders, (iv) counsel to the Deerfield Noteholders, (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

## NO PRIOR REQUEST

23. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 10, 2014

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

    */s/ Sarah E. Pierce*
    Anthony W. Clark (I.D. No. 2051)
    Sarah E. Pierce (I.D. No. 4648)
    One Rodney Square
    P.O. Box 636
    Wilmington, Delaware 19899-0636
    Telephone: (302) 651-3000
    Fax: (302) 651-3001

    - and -

    Kenneth S. Ziman (*pro hac vice admission pending*)
    Raquelle L. Kaye (*pro hac vice admission pending*)
    Four Times Square
    New York, New York 10036-6522
    Telephone: (212) 735-3000
    Fax: (212) 735-2000

    - and -

    Felicia Gerber Perlman (*pro hac vice admission pending*)
    155 N. Wacker Drive
    Chicago, Illinois 60606-1720
    Telephone: (312) 407-0700
    Fax: (312) 407-0411

    Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
DENDREON CORPORATION, et al., : Case No. 14-12515 (___)
: 
Debtors.[1] : Jointly Administered
: 
: **Related Docket No. _____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER ENFORCING PROTECTIONS OF 11 U.S.C. § 362 AND BANKRUPTCY TERMINATION PROVISIONS OF 11 U.S.C. § 365 PURSUANT TO 11 U.S.C. §§ 105, 362 AND 365

Upon the motion (the "Motion")[2] of the Debtors for an order (the "Order"), pursuant to Bankruptcy Code sections 105(a), 362, 365 and 541: (i) enforcing the Bankruptcy Code's automatic stay provisions and bankruptcy termination provisions, and the protections thereunder; and (ii) granting related relief as further described therein; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

**ORDERED, ADJUDGED AND DECREED that:**

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, by virtue of the commencement of the Chapter 11 Cases, to be afforded the protections of, *inter alia*, the automatic stay under Bankruptcy Code section 362 and the bankruptcy termination provisions under Bankruptcy Code section 365.

3.  The automatic stay is applicable to the Debtors and the property of the estates, wherever located, and all parties are stayed from bringing actions against the Debtors or property of the estates in this or any other jurisdiction.

4.  Each provision of Bankruptcy Code section 362(a), as set forth below, is currently in effect with respect to the Debtors:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities and Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

>(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
>(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

5. All persons and entities (including those that act on their behalf) shall continue to perform under, and shall not terminate, any executory contract or unexpired lease with the Debtors without further order of this Court notwithstanding a contractual default by the Debtors that is a breach of a provision relating to (a) the insolvency or financial condition of the Debtors at any time before the closing of the Debtors' Chapter 11 Cases or (b) the commencement of the Debtors' Chapter 11 Cases.

6. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party, including those of the Debtors, under section 362 and 365 of the Bankruptcy Code; specifically, this Order shall not affect the exceptions to the automatic stay contained in Bankruptcy Code section 362(b), or the right of any party in interest to seek relief from the automatic stay in accordance with Bankruptcy Code section 362(d).

7. Nothing in this Order or any action taken by the Debtors in furtherance of the implementation of this Order shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Debtors' rights with respect to such matters are expressly reserved.

8. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

4

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE