IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DENDREON CORPORATION, et al., | : | Case No. 14-12515 (___) |
| | : | |
| Debtors.[1] | : | Joint Administration Pending |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES AND (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE**

        The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an interim order (the "Interim Order") and a final order substantially similar to the Interim Order, but on a final basis (the "Final Order"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies (as defined herein); (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance (as defined herein); and (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to or discriminating against the Debtors solely on the basis of the commencement of these cases, a debt that is owed by the Debtors for services rendered prior to the Petition Date (as defined herein) or on account of any perceived inadequacy of the Debtors'

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

Proposed Adequate Assurance. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert L. Crotty in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 366.

3.      Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.     To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.     The Debtors and their non-debtor affiliates are biotechnology companies focused on the discovery, development and commercialization of novel therapies to significantly improve treatment options for cancer patients. The Debtors are primarily focused on commercializing PROVENGE® in the United States and around the world. PROVENGE is a first-in-class immunotherapy used to treat patients suffering from advanced-stage prostate cancer, which is the most common non-skin cancer and the second-leading cause of cancer deaths among men in the United States.

8.     Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[2]

### RELIEF REQUESTED

9.     By this Motion, pursuant to Bankruptcy Code sections 105(a) and 366, the Debtors request entry of (i) the Interim Order (a) approving the Debtors' proposed form of adequate assurance of postpetition payment to their utilities, as that term is used in Bankruptcy Code section 366 (the "Utility Companies"); (b) approving procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (c) prohibiting the Utility Companies from altering, refusing or discontinuing service to or

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

discriminating against the Debtors solely on the basis of the commencement of the Chapter 11

Cases, a debt that is owed by the Debtors for services rendered prior to the Petition Date or on

account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance pending

entry of the Final Order; and (d) scheduling a hearing on this Motion to consider granting the

relief requested herein on a final basis (the "Final Hearing"); and, after the Final Hearing, (ii) the

Final Order, granting the relief requested herein on a final basis. For the reasons set forth herein,

the Debtors submit that the relief requested herein is in the best interest of the Debtors, their

estates, creditors and other parties in interest, and therefore, should be granted.

**BASIS FOR RELIEF**

10.    In connection with the normal operations of their business and the

management of their property, the Debtors obtain electric, gas, water, sewer, telecommunications

and other similar services (collectively, the "Utility Services") from the Utility Companies listed

on Schedule 1 to the proposed Interim Order (the "Utility Company List").[3] The relief requested

herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to

those listed on the Utility Company List.[4]

11.    The Debtors' average monthly expenditure for all Utility Services from the

Utility Companies listed on the Utility Company List is approximately $400,000. As of the

---

[3]    For certain properties leased by the Debtors, certain utility services, such as electric, gas, water and sewer, are paid for in connection with the Debtors' lease payments.

[4]    While the Debtors have exercised their reasonable best efforts to list all of their Utility Companies on the Utility Company List, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtors reserve the right, pursuant to the terms and conditions of this Motion and without further order of the Court, to amend the Utility Company List to add any Utility Companies that were omitted therefrom, and upon advance written notice to such entities, to request that the relief requested herein apply to such entities as well. In addition, the Debtors reserve the right to argue that any of the entities now or hereafter listed on the Utility Company List are not "utilities" within the meaning of Bankruptcy Code section 366.

Petition Date, the Debtors estimate that approximately $223,391 in utility costs have accrued and remain outstanding.

12.     Many of the Utility Services provided to the Debtors by the Utility Companies are critical to the conduct of the Debtors' business, including their ability to manufacture and sell PROVENGE, the Debtors' primary source of revenue. Accordingly, preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations and, therefore, to preserving and maximizing the value of the estates. Thus, it is critical that Utility Services continue uninterrupted during the Chapter 11 Cases.

**A.      The Proposed Adequate Assurance**

13.     The Debtors fully intend to pay all undisputed postpetition obligations owed to the Utility Companies in a timely manner. Additionally, the Debtors propose that, to provide additional assurance of payment for future services to the Utility Companies following the Petition Date, on or before the date that is twenty (20) days after the Petition Date, the Debtors will (i) establish a newly-created, interest-bearing, segregated account (the "Utility Deposit Account") and (ii) for each Utility Company listed on the Utility Company List, place a deposit equal to the Debtors' estimated aggregate cost for two (2) weeks of Utility Service, calculated based on the historical average over the past twelve (12) months (the "Utility Deposit") into such Utility Deposit Account.

14.     In addition, the Debtors seek authority to reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their discretion, should be removed from the Utility Company List or (ii) that is already held by a Utility Company as a deposit or prepayment.

15.     The Debtors estimate, based on the average two (2) week cost of the Utility Services, that the aggregate Utility Deposit will be approximately $100,000.[5]

**B.      Adequacy of the Proposed Adequate Assurance**

16.     The Debtors submit that the Utility Deposit, coupled with the Debtors' anticipated financial ability to pay for postpetition services provided by the Utility Companies, constitutes adequate assurance to the Utility Companies (the "Proposed Adequate Assurance"). Accordingly, upon entry of the Interim Order, any Utility Company that fails to request additional adequate assurance (an "Additional Assurance Request") or file an Objection (as defined below) to this Motion, as described below, shall be deemed to have been provided with adequate assurance of payment as required by Bankruptcy Code section 366 and shall be prohibited from altering, refusing or discontinuing Utility Services, including as a result of unpaid charges for prepetition Utility Services. In addition, such Utility Company will further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Cases, except as provided in Bankruptcy Code section 366(c)(3). If, however, a Utility Company believes adequate assurance beyond that proposed is necessary, the Debtors submit that the Utility Company must make an Additional Assurance Request pursuant to the procedures described below (the "Adequate Assurance Procedures").

**C.      Adequate Assurance Procedures**

17.     In light of the adverse consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate

---

[5]     Three Utility Companies, for each of whom $0 of adequate assurance is indicated on the Utility Company List, hold in each case prepetition deposits in the ordinary course of business that exceed the average two (2) week cost of their respective Utility Services. Therefore, the Debtors believe that no additional adequate assurance is necessary in relation to these Utility Companies. As such, the Utility Deposit reflects a reduction from the approximately $200,000 average two (2) week cost of the Utility Services to reflect these deposits.

the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose the following

Adequate Assurance Procedures to resolve Additional Assurance Requests in an orderly and fair

manner:

18.      Within five (5) business days after the date of entry of the Interim Order,

the Debtors will mail a copy of the Interim Order to the Utility Companies on the Utility

Company List.

19.      If a Utility Company is not satisfied with the Proposed Adequate

Assurance and seeks additional adequate assurance of payment, it must serve an Additional

Assurance Request upon (i) Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New

Jersey 08807, Attention: Robert L. Crotty; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York, New York 10036, Attention: Kenneth S. Ziman and 155 North

Wacker Drive, Chicago, Illinois 60606, Attention: Felicia Gerber Perlman and One Rodney

Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Sarah E. Pierce; (iii)

Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

Delaware 19801; and (iv) the parties listed in the consolidated list of twenty (20) largest

unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee

has been appointed in the Chapter 11 Cases, counsel to such committee (collectively, the

"Adequate Assurance Notice Parties").

20.      Each Additional Assurance Request must (a) be made in writing; (b) set

forth the amount and form of additional assurance of payment requested; (c) set forth the type of

Utility Services, any account numbers, and the location for which Utility Services are provided;

(d) include a summary of the Debtors' payment history to such Utility Company, including

whether the Utility Company holds any deposits or other security, and, if so, in what amount;

and (e) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

21.     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have until the later of (a) twenty (20) days from the receipt of such Additional Assurance Request and (b) thirty (30) days from the Petition Date (the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request.

22.     The Debtors may resolve any Additional Assurance Request, Objection or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe that such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available upon demand to any official committee appointed in the Chapter 11 Cases and to the U.S. Trustee.

23.     Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request within the Resolution Period, the Debtors shall file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company.

**D.     Objection Deadline and Final Hearing Date**

24.     Bankruptcy Code section 366 arguably places the burden to provide adequate assurance that is satisfactory to the Utility Companies on the Debtors. Similarly, if a

8

Utility Company does not accept any proposed adequate assurance, section 366 arguably places the burden to seek court review of the adequacy of the proposed adequate assurance on the Debtors.

25.     Such an interpretation of section 366 is subject to potential abuse by a Utility Company. For example, on the 29th day following the Petition Date, a Utility Company could announce that the Debtors' Proposed Adequate Assurance is not acceptable, demand an unreasonably large deposit alleging payment risk from the Debtors and threaten to terminate Utility Service the next day unless the Debtors comply with its demand. This would effectively leave the Debtors confronted with two equally oppressive and potentially costly choices: succumb to a Utility Company's last-minute demands for an unreasonably large deposit or face the cessation of essential services at the risk of irreparable disruption to their business.

26.     To avoid this untenable outcome, the Debtors propose that any Utility Company that objects to this Motion, including the Adequate Assurance Procedures, must file a written objection (an "Objection") and serve such Objection on the Adequate Assurance Notice Parties so that it is actually received by 12:00 p.m. (prevailing Eastern time) on the day that is fourteen (14) days following the Petition Date. To resolve any Objection within thirty (30) days following the Petition Date, the Debtors request that the Court schedule the Final Hearing on any unresolved Objections approximately twenty-five (25) days after the Petition Date.

**E.     Subsequent Modifications of Utility Company List and Procedures for Subsequently Identified Utility Companies**

27.     Although the Debtors have made a good-faith effort to identify all of the Debtors' providers of Utility Services and include them on the Utility Company List, certain Utility Companies that currently provide Utility Services to the Debtors may have been inadvertently omitted. To the extent that the Debtors identify additional Utility Companies, the

Debtors seek authority, in their sole discretion, to amend or supplement the Utility Company

List. The Debtors will file any such amendments and serve copies of the Motion and the order(s)

(if and when entered) on such newly-identified Utility Companies (each a "Subsequently

Identified Utility Company").

        28.     The Debtors request that any entered orders relating to this Motion be

binding on all Utility Companies, regardless of when such Utility Company was added to the

Utility Company List; provided, however, that if additional parties are added, the Debtors will

increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility

Services provided by such Subsequently Identified Utility Company to the Debtors, provided,

however, that no Utility Deposit shall be made for any Subsequently Identified Utility Company

that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services.

In addition, if a Subsequently Identified Utility Company holds a deposit or prepayment that is

less than two weeks of Utility Services, the portion of the Utility Deposit for that Subsequently

Identified Utility Company shall be reduced by the amount of any prepetition deposit or

prepayment.

        29.     In addition, any Subsequently Identified Utility Company shall have the

right to make an Additional Assurance Request on the Adequate Assurance Notice Parties. If no

Additional Assurance Request is filed, the provisions of the Interim Order or Final Order,

whichever is in effect, shall apply to the Subsequently Identified Utility Company. Should any

Subsequently Identified Utility Company make an Additional Assurance Request, the Debtors

request that such Subsequently Identified Utility Company be prohibited from discontinuing,

altering or refusing service to the Debtors, including as a result of unpaid charges for prepetition

services, pending resolution of such request.

30.     The Debtors maintain that the relief requested herein strikes a fair balance between protecting (i) the rights of the Utility Companies and the rights of the Debtors under the Bankruptcy Code and (ii) the need for the Debtors to continue to receive, for the benefit of their estates, the Utility Services upon which they depend. The Debtors do not believe that the Utility Companies will be prejudiced by the Proposed Adequate Assurance, the requirement to provide the Debtors with uninterrupted access to Utility Services and the procedures for resolving Objections to the Proposed Adequate Assurance.

31.     In the event that any Utility Company files and/or serves an Additional Assurance Request, the Debtors request that such Additional Assurance Request be treated as a request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after the Court adjudicates any disputes between the parties following a Utility Company making such request and scheduling such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code, including section 366(c)(3), and the Federal Rules of Bankruptcy Procedure.

**F.      Prohibition on Altering, Refusing or Discontinuing Service**

32.     Pending the entry of the Interim and Final Orders with respect to this Motion and pending resolution of any Additional Assurance Request, Objection or Determination Motion, the Utility Companies, including the Subsequently Identified Utility Companies, shall be prohibited from (i) discriminating against the Debtors, (ii) altering, refusing or discontinuing service to the Debtors or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

## APPLICABLE AUTHORITY

**A.      The Proposed Adequate Assurance Provides Utility Companies With Adequate Assurance of Payment**

33.      Bankruptcy Code section 366(a) provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a). Bankruptcy Code section 366(b) goes on to provide, however, that:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

Id. § 366(b).

34.      The policy underlying section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306; see also In re Jones, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'") (quoting Begley v. Philadelphia Elec. Co., 760 F.2d 46, 49 (3d Cir. 1985)). As set forth herein, the relief requested in this Motion is consistent with the Bankruptcy Code's policy goals.

35.      Specifically, under section 366(b) of the Bankruptcy Code, a debtor must furnish what it considers to be adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of a deposit or other security for postpetition service.

Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to include, among other things, "a cash deposit." 11 U.S.C. § 366(c)(1)(A)(i). Here, the Debtors propose to place a deposit equal to two (2) weeks of Utility Services into the Utility Deposit Account for the benefit of any Utility Company that requests a Utility Deposit. See In re Great Atl. & Pac. Tea Co., No. 11-1338, 2011 WL 5546954, at *2, *5, *10 (S.D.N.Y. Nov. 14, 2011) (affirming bankruptcy court's finding that utility providers were adequately assured payment through a two-week cash deposit). Accordingly, the Proposed Adequate Assurance provides the Utility Companies with adequate assurance of payment consistent with the requirements of section 366(c)(1)(A)(i) of the Bankruptcy Code.

**B.    The Debtors' Proposed Adequate Assurance Procedures Properly Balance the Interests of the Utility Companies and Those of the Debtors and Their Estates**

36.    The Court should also approve the Debtors' proposed Adequate Assurance Procedures because they provide the Utility Companies with a fair and orderly process for seeking modification of the Proposed Adequate Assurance while protecting the Debtors from being required to address additional assurance requests in a disorganized manner and at a time when the Debtors' efforts could be more productively focused on the seamless continuation of their operations in chapter 11.

37.    In fact, the Adequate Assurance Procedures are merely a practical manifestation of the policy goal embodied in Bankruptcy Code section 366. Congress enacted section 366 to protect a debtor from utility service cutoffs upon a bankruptcy filing while, at the same time, providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306. Thus, section 366 protects a debtor in possession by enjoining utilities from altering, refusing or discontinuing services solely on account of unpaid prepetition amounts for a period

of thirty (30) days after the bankruptcy filing. Section 366 also protects utility companies by permitting them to alter, refuse or discontinue service after thirty (30) days if the debtors in possession have not furnished "adequate assurance" of payment.

38.    Here, notwithstanding a determination that the Debtors' Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have under sections 366(b) and (c)(2) are wholly preserved under the Adequate Assurance Procedures. See In re Circuit City Stores, Inc., No. 08-35653, 2009 WL 484553, at *6 (Bankr. E.D. Va. Jan. 14, 2009) (adopting similar adequate assurance procedures and holding that "notwithstanding the Court's determination on an interim basis that the adequate assurance proposed by the Debtors constitutes sufficient adequate assurance under § 366(b), utility companies . . . may also exercise their rights under § 366(c)(2), in accordance with the Procedures established by the Court"). The Utility Companies still may choose, in accordance with the established Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. See id. On the other hand, the Adequate Assurance Procedures "avoid a haphazard and chaotic process whereby each utility could make extortionate, last-minute demands for adequate assurance which the Debtors would be pressured to pay under the threat of losing critical utility service." Id.

39.    In short, the Adequate Assurance Procedures ensure all parties act in good faith when exercising their rights under Bankruptcy Code section 366. Therefore, because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366, this Court should grant the relief requested here. Similar procedures have been approved by this District in other cases. See, e.g., In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014); In re Savient Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D.

Del. Nov. 19, 2013); <u>In re Exide Techs.</u>, Case No. 13-11482 (KJC) (Bankr. D. Del. July 11,

2013); <u>In re Synagro Techs., Inc.</u>, Case No. 13-11041 (BLS) (Bankr. D. Del. May 28, 2013); <u>In

re ICL Holding Co., Inc.</u>, Case No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013).[6]

        40.     For these reasons, the Debtors submit that the relief requested herein is in

the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore,

should be granted.

**IMMEDIATE RELIEF IS NECESSARY TO AVOID IMMEDIATE AND
IRREPARABLE HARM**

        41.     Bankruptcy Rule 6003 provides that the relief requested in this Motion

may be granted if the "relief is necessary to avoid immediate and irreparable harm . . . ." Fed. R.

Bankr. P. 6003; <u>see also</u> <u>In re First NLC Fin. Servs., LLC</u>, 382 B.R. 547, 549 (Bankr. S.D. Fla.

2008) (holding that Bankruptcy Rule 6003 permits entry of retention orders on an interim basis

to avoid irreparable harm). The Third Circuit has interpreted the language "immediate and

irreparable harm" in the context of preliminary injunctions. In that context, the court has

instructed that irreparable harm is a continuing harm which cannot be adequately redressed by

final relief on the merits and for which money damages cannot provide adequate compensation.

<u>See, e.g.</u>, <u>Norfolk S. Ry. Co. v. City of Pittsburgh</u>, 235 F. App'x 907, 910 (3d Cir. 2007) (citing

<u>Glasco v. Hills</u>, 558 F.2d 179, 181 (3d Cir. 1977)). Furthermore, the harm must be shown to be

actual and imminent, not speculative or unsubstantiated. <u>See, e.g.</u>, <u>Acierno v. New Castle Cnty.</u>,

40 F.3d 645, 653-55 (3d Cir. 1994). The Debtors submit that for the reasons already set forth

---

[6]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

42.     The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary for the Debtors to operate their businesses without interruption and to preserve value for their estates. Accordingly, the Debtors respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

43.     Notice of this Motion shall be given to: (i) the U.S. Trustee, (ii) the indenture trustee for the 2.875% Convertible Senior Notes due 2016, (iii) counsel to the Unaffiliated Noteholders, (iv) counsel to the Deerfield Noteholders, (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

44.     No previous request for the relief sought herein has been made to this Court or any other Court.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
November 10, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Sarah E. Pierce*
Anthony W. Clark (I.D. No. 2051)
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman (*pro hac vice admission pending*)
Raquelle L. Kaye (*pro hac vice admission pending*)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman (*pro hac vice admission pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Proposed Counsel for Debtors and Debtors in Possession

1118331-NYCSR03A - MSW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
In re:                                                          :    Chapter 11
                                                                :
DENDREON CORPORATION, et al.,                                   :    Case No. 14-12515 (___)
                                                                :
                              Debtors.[1]                       :    Jointly Administered
                                                                :
                                                                :    **Related Docket No. ____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366
(I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE
AND (IV) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of the Debtors for (A) an interim order (this

"Interim Order"), pursuant to Bankruptcy Code sections 105(a) and 366, (i) approving the

Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies;

(ii) establishing procedures for resolving any objections by the Utility Companies relating to the

Proposed Adequate Assurance; (iii) prohibiting the Utility Companies from altering, refusing or

discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the

commencement of the Chapter 11 Cases, (b) a debt that is owed by the Debtors for services

rendered prior to the Petition Date or (c) on account of any perceived inadequacy of the Debtors'

Proposed Adequate Assurance; and (iv) scheduling a hearing on the Motion to consider granting

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon
       Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon
       Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle,
       Washington 98101.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the
       First Day Declaration.

the relief requested herein on a final basis (the "<u>Final Hearing</u>"); and (B) a final order granting

the relief requested herein on a final basis (the "<u>Final Order</u>"), all as more fully described in the

Motion; and upon the First Day Declaration; and due and sufficient notice of the Motion having

been given under the particular circumstances; and it appearing that no other or further notice

need be provided; and it appearing that the relief requested by the Motion is in the best interests

of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation

thereon and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Proposed Adequate Assurance constitutes "adequate assurance of

payment" for purposes of Bankruptcy Code section 366.

3.      Within twenty (20) days after the Petition Date, the Debtors will (i)

establish a newly-created, interest-bearing, segregated account (the "<u>Utility Deposit Account</u>")

and (ii) for each Utility Company listed on the Utility Company List, place a deposit for each

Utility Company equal to approximately two (2) weeks of Utility Services (the "<u>Utility Deposit</u>")

into such Utility Deposit Account, <u>provided</u>, <u>however</u>, that no Utility Deposit shall be made for

any Utility Company that already holds a deposit or prepayment equal to or greater than two

weeks of Utility Services. In addition, if a Utility Company holds a deposit or prepayment that is

less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility

Company shall be reduced by the amount of any prepetition deposit or prepayment.

4.      Except as the amount may be reduced by application of the provisions of

this Interim Order, the Utility Deposit in the amount of approximately $100,000 shall be

deposited in the Utility Deposit Account within twenty (20) days after the Petition Date and shall

2

be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

5.    The Debtors may reduce the Utility Deposit to the extent that it includes an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their sole discretion, should be removed from the Utility Company List or (ii) that is already being held by a Utility Company as a deposit or prepayment.

6.    The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

(a)    Within five (5) business days after the date of entry of this Interim Order, the Debtors will mail a copy of this Interim Order to the Utility Companies on the Utility Company List.

(b)    If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention: Robert L. Crotty; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: Kenneth S. Ziman and 155 North Wacker Drive, Chicago, Illinois 60606, Attention: Felicia Gerber Perlman and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Sarah E. Pierce; (iii) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (iv) the parties listed in the consolidated list of twenty (20) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee (collectively, the "Adequate Assurance Notice Parties").

(c)    Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history to such Utility Company, including whether the Utility Company holds any deposits or other security, and, if so, in what amount; and (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(d)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will have until the later of (i) twenty (20) days from the receipt of such Additional Assurance Request and (ii) thirty (30) days from the Petition Date (the "Resolution Period") to negotiate with the requesting Utility Company and resolve its Additional Assurance Request.

(e)      The Debtors may resolve any Additional Assurance Request, Objection or Determination Motion (as defined below) by mutual agreement with the Utility Company and may, in connection with any such agreement, modify the amount contributed to the Utility Deposit Account for the benefit of such Utility Company and/or provide the Utility Company with an alternative form of adequate assurance of payment, without further order of this Court, if the Debtors believe that such additional assurance is reasonable; provided, however, that the Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available upon demand to any official committee appointed in the Chapter 11 Cases and to the U.S. Trustee.

(f)      Should the Debtors be unable to reach a mutual resolution with respect to an Additional Assurance Request within the Resolution Period, the Debtors shall file a motion with the Court seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "Determination Motion") and, if the Determination Motion is not withdrawn, the Court will determine the adequacy of the Proposed Adequate Assurance with respect to that Utility Company.

7.      The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Interim Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule 1. The Debtors shall serve a copy of this Interim Order on any Subsequently Identified Utility Company, along with an amended Schedule 1, and such Subsequently Identified Utility Company shall be permitted to make an Additional Assurance Request according to the procedures set forth in paragraph 6 of this Interim Order.

8.      This Interim Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List; provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by such

4

Subsequently Identified Utility Company to the Debtors, provided, however, that no Utility

Deposit shall be made for any Subsequently Identified Utility Company that already holds a

deposit or prepayment equal to or greater than two weeks of Utility Services. In addition, if a

Subsequently Identified Utility Company holds a deposit or prepayment that is less than two

weeks of Utility Services, the portion of the Utility Deposit for that Subsequently Identified

Utility Company shall be reduced by the amount of any prepetition deposit or prepayment.

9.      If necessary, the Final Hearing on the Motion is scheduled for

_____ ____, 20___ at _____:_____ (prevailing Eastern time), and any objections or

responses to the Motion (each, an "Objection") shall be filed and served upon the Adequate

Assurance Notice Parties so that the Objection is actually received by 12:00 p.m. (prevailing

Eastern time) on the day that is fourteen (14) days following the Petition Date.

10.      If no Objections are filed to the Motion, the Court may enter the Final

Order without further notice or hearing.

11.      The Utility Companies, including Subsequently Identified Utility

Companies, are prohibited from altering, refusing or discontinuing service to, or discriminating

against, the Debtors on account of unpaid prepetition invoices or due to the commencement of

these Chapter 11 Cases, or requiring payment of a deposit or other security for postpetition

Utility Services, other than in accordance with the Adequate Assurance Procedures.

12.      Pending both entry of the Final Order and resolution of any Additional

Assurance Request, Objection or Determination Motion, the Utility Companies, including the

Subsequently Identified Utility Companies, shall be prohibited from (i) discriminating against

the Debtors (ii) altering, refusing or discontinuing service to the Debtors or (iii) requiring

payment of a deposit or other security for postpetition Utility Services, other than the Adequate

Assurance Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices.

13.     This Interim Order shall apply to all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List.

14.     Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on Schedule 1 attached hereto.

15.     This Interim Order is without prejudice to the Debtors' right to contest any amount owed to a Utility Company. Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement under Bankruptcy Code section 365.

16.     This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

17.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

18.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

19.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

20.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated: Wilmington, Delaware

_____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

## Utility Company List

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| City of Seattle | P.O. Box 34017, Seattle, WA 98124 | 11628917261972 | Electricity | 15,000 | 1208 Eastlake Avenue East |
| Georgia Power Co. | 96 Annex, Atlanta, GA 30396 | 0407590023 | Electricity | 0 | Union City |
| Piedmont Electric Membership Co. | P.O. Box 826484, Philadelphia, PA 19182 | DENDREO1 | Electricity | 2,750 | New Jersey |
| Southern California Edison | P.O. Box 300, Rosemead, CA 91772-0001 | 2319258455 | Electricity | 0 | Seal Beach |
| City of Atlanta | P.O. Box 105275, Atlanta, GA 30348-5275 | 0206297300 | Fire | 10 | Union City |
| City of Seal Beach | 211 Eighth Street, Seal Beach, CA 90740 | 025952002 | Fire | 150 | Seal Beach |
| Georgia Power Co. | 96 Annex, Atlanta, GA 30396 | 0253736051 | Fire | 50 | Union City |
| Georgia Natural Gas | P.O. Box 105445, Atlanta, GA 30348-5445 | 32706773288077 | Gas | 8,000 | Union City |
| Gas Company | P.O. Box C, Monterey Park, CA 91756 | 15683894156 | Gas | 10,000 | Seal Beach |
| Puget Sound Energy | P.O. Box 91269, Bellevue, WA 98009 | 200009359320 | Gas | 0 | 1208 Eastlake Avenue East |
| All Temp Mechanical, Inc. | 527 NW 196th Pl, Shoreline, WA 98177 | N/A | HVAC | 1,000 | 1208 Eastlake Avenue East |

---

[1]    The amounts listed in this column reflect any applicable reductions for prepetition deposits or prepayments.

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| AT&T Inc. | P.O. Box 105262, Atlanta, GA 30348-5262 | 91946503490020300 | Internet and Telecommunications | 75 | North Carolina |
| AT&T Inc. | P.O. Box 6463, Carol Stream, IL 60197-6463 | 287024676651 | Internet and Telecommunications | 125 | North Carolina |
| AT&T Inc. | P.O. Box 5019, Carol Stream, IL 60197 | 1717936780402 | Internet and Telecommunications | 750 | North Carolina |
| Cablevision Systems Corp. | P.O. Box 371378, Pittsburgh, PA 15250-7378 | 78754371550104 | Internet and Telecommunications | 65 | New Jersey |
| CenturyLink, Inc. | P.O. Box 91155, Seattle, WA 98111 | 206Z070089805B | Internet and Telecommunications | 3,750 | All sites |
| CenturyLink, Inc. | P.O. Box 52187, Phoenix, AZ 85072-2187 | 84358533 | Internet and Telecommunications | 2,750 | Second & Eastlake Avenues |
| CenturyLink, Inc. | P.O. Box 29080, Phoenix, AZ 85038-9080 | 206D082020020 | Internet and Telecommunications | 1,500 | 1301 Second Avenue |
| Comcast Corp. | P.O. Box 37601, Philadelphia, PA 19101 | 900007574 | Internet and Telecommunications | 750 | 1301 Second Avenue |
| Comcast Corp. | P.O. Box 34744, Seattle, WA 98124-1744 | 8498320013784560 | Internet and Telecommunications | 113 | 1208 Eastlake Avenue East |
| DIRECTV | P.O. Box 60036, Los Angeles, CA 90060-0036 | 029833235 | Internet and Telecommunications | 60 | Seal Beach |
| Iron Mountain Inc. | P.O. Box 27129, New York, NY 10087-7129 | 129425 | Internet and Telecommunications | 1,000 | 1301 Second Avenue |
| Level 3 Communications | P.O. Box 910182, Denver, CO 80291-0182 | 17I9FGW | Internet and Telecommunications | 800 | 1301 Second Avenue |
| LightPath Technologies, Inc. | P.O. Box 360111, Pittsburgh, PA 15251-6111 | 52779 | Internet and Telecommunications | 2,000 | New Jersey |

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| Sprint Corp. | P.O. Box 219100, Kansas City, MO 64121-9100 | 926611876 | Internet and Telecommunications | 10,000 | All sites |
| T-Mobile US, Inc. | P.O. Box 660252, Dallas, TX 75266-0252 | 354212732 | Internet and Telecommunications | 2,500 | All sites |
| TW Telecom | P.O. Box 172567, Denver, CO 80217-2567 | 311258 | Internet and Telecommunications | 1,500 | Union City & Seal Beach |
| Verizon Communications Inc. | P.O. Box 4833, Trenton, NJ 08650 | 908725075259734 | Internet and Telecommunications | 450 | New Jersey |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900005 | Internet and Telecommunications | 600 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900008 | Internet and Telecommunications | 300 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900007 | Internet and Telecommunications | 3,500 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900006 | Internet and Telecommunications | 200 | All sites |
| Verizon Communications Inc. | P.O. Box 920041, Dallas, TX 75392-0041 | 12801115893492100 | Internet and Telecommunications | 125 | Seal Beach |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900001 | Internet and Telecommunications | 8,750 | All sites |
| WCI | P.O. Box 9497, Seattle, WA 98109 | 00100363557 | Internet and Telecommunications | 13,750 | All sites |
| Republic Services, Inc. | P.O. Box 78829, Phoenix, AZ 85062-8829 | 301750856742 | Sanitation and Recycling | 225 | 1208 Eastlake Avenue East |
| Republic Services, Inc. | P.O. Box 78829, Phoenix, AZ 85062-8829 | N/A | Sanitation and Recycling | 1,125 | Seal Beach |
| Waste Management, Inc. | P.O. Box 105453, Atlanta, GA 30348 | 375011150513759 | Sanitation and Recycling | 275 | Union City |
| City of Atlanta | P.O. Box 105275, Atlanta, GA 30348-5275 | 0206298300 | Water & Sewer | 150 | Union City |

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| City of Seal Beach | 211 Eighth Street, Seal Beach, CA 90740 | 025952003 | Water & Sewer | 1,250 | Seal Beach |
| City of Seattle | P.O. Box 34016, Seattle, WA 98124 | 21628917463889 | Water & Sewer | 2,000 | 1208 Eastlake Avenue East |
| City of Union City | 5047 Union Street, Union City, GA 30291 | 19302000 | Water & Sewer | 1,200 | Union City |
| **Total** | | | | **$98,598** | |

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                           :   Chapter 11
:
DENDREON CORPORATION, et al.,          :   Case No. 14-12515 (___)
:
                Debtors.[1]          :   Jointly Administered
:
:   **Related Docket No. ____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366
(I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES AND (III) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE**

Upon the motion (the "Motion")[2] of the Debtors for a final order (this "Order"),

pursuant to Bankruptcy Code sections 105(a) and 366, (i) approving the Debtors' proposed form

of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing

procedures for resolving any objections by the Utility Companies relating to the Proposed

Adequate Assurance; and (iii) prohibiting the Utility Companies from altering, refusing or

discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the

commencement of the Chapter 11 Cases, (b) a debt that is owed by the Debtors for services

rendered prior to the Petition Date or (c) on account of any perceived inadequacy of the Debtors'

Proposed Adequate Assurance; and upon the First Day Declaration; and due and sufficient notice

---

[1]  The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the First Day Declaration.

of the Motion having been given under the particular circumstances; and it appearing that no

other or further notice need be provided; and it appearing that the relief requested by the Motion

is in the best interests of the Debtors, their estates, their creditors and other parties in interest;

and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The Proposed Adequate Assurance constitutes "adequate assurance of

payment" for purposes of Bankruptcy Code section 366.

3.      Except as the amount may be reduced by application of the provisions of

this Order, the Utility Deposit in the amount of approximately $100,000 deposited in the Utility

Deposit Account shall be held for the purpose of providing adequate assurance of payment to

each Utility Company for its postpetition Utility Services to the Debtors.

4.      The Debtors may reduce the Utility Deposit to the extent that it includes

an amount (i) on account of a Utility Company that the Debtors subsequently determine, in their

sole discretion, should be removed from the Utility Company List or (ii) that is already being

held by a Utility Company as a deposit or prepayment.

5.      The Utility Companies identified on Schedule 1 annexed hereto (the

"Utility Company List") are prohibited from altering, refusing or discontinuing service to, or

discriminating against, the Debtors on account of unpaid prepetition invoices or due to the

commencement of these Chapter 11 Cases, or requiring payment of a deposit or other security

for postpetition Utility Services, other than the Utility Deposit in the Utility Deposit Account.

6.      If an amount relating to postpetition Utility Services provided by a Utility

Company is unpaid beyond any applicable grace period, such Utility Company may request a

disbursement from the Utility Deposit Account (a "Disbursement Request") by giving notice to (i) Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention: Robert L. Crotty; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: Kenneth S. Ziman and 155 North Wacker Drive, Chicago, Illinois 60606, Attention: Felicia Gerber Perlman and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Sarah E. Pierce; (iii) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (iv) the parties listed in the consolidated list of twenty (20) largest unsecured creditors as filed by the Debtors in the Chapter 11 Cases or if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee. A Disbursement Request shall only be honored on the date that is five (5) business days after the date of the Disbursement Request.

7.      Any Utility Company that failed to submit an Additional Assurance Request as set forth in the Interim Order or file an Objection shall be deemed to have adequate assurance of payment that is satisfactory to it within the meaning of Bankruptcy Code section 366 and shall be forbidden from altering, refusing or discontinuing service to the Debtors on account of any prepetition charges, subject to the Utility Company's right to seek modification of adequate assurance under Bankruptcy Code section 366(c)(3).

8.      The Debtors are authorized, in their sole discretion, to amend or supplement Schedule 1 attached hereto to add or delete any Utility Company, and this Order shall apply to any such Subsequently Identified Utility Company that is added to Schedule 1. Such amendment shall be accomplished by filing with this Court a notice and serving the same on the affected Utility Company.

9.      This Order shall be binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Company List, provided that for each additional Utility Company that may be added, the Debtors will increase the amount of the Utility Deposit by an amount equal to the cost of two weeks of Utility Services provided by that Utility Company to the Debtors, provided, however, that no Utility Deposit shall be made for any Utility Company that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services. In addition, if a Utility Company holds a deposit or prepayment that is less than two weeks of Utility Services, the portion of the Utility Deposit for that Utility Company shall be reduced by the amount of any prepetition deposit or prepayment.

10.      Any Utility Company added to the Utility Company List subsequent to the date of the Motion shall have the right to make an Additional Assurance Request in compliance with the Adequate Assurance Procedures.

11.      Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under Bankruptcy Code section 366, whether or not such entity is listed on Schedule 1 attached hereto.

12.      This Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

13.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

14.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

15.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

5

**SCHEDULE 1**

**Utility Company List**

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| City of Seattle | P.O. Box 34017, Seattle, WA 98124 | 11628917261972 | Electricity | 15,000 | 1208 Eastlake Avenue East |
| Georgia Power Co. | 96 Annex, Atlanta, GA 30396 | 0407590023 | Electricity | 0 | Union City |
| Piedmont Electric Membership Co. | P.O. Box 826484, Philadelphia, PA 19182 | DENDREO1 | Electricity | 2,750 | New Jersey |
| Southern California Edison | P.O. Box 300, Rosemead, CA 91772-0001 | 2319258455 | Electricity | 0 | Seal Beach |
| City of Atlanta | P.O. Box 105275, Atlanta, GA 30348-5275 | 0206297300 | Fire | 10 | Union City |
| City of Seal Beach | 211 Eighth Street, Seal Beach, CA 90740 | 025952002 | Fire | 150 | Seal Beach |
| Georgia Power Co. | 96 Annex, Atlanta, GA 30396 | 0253736051 | Fire | 50 | Union City |
| Georgia Natural Gas | P.O. Box 105445, Atlanta, GA 30348-5445 | 32706773288077 | Gas | 8,000 | Union City |
| Gas Company | P.O. Box C, Monterey Park, CA 91756 | 15683894156 | Gas | 10,000 | Seal Beach |
| Puget Sound Energy | P.O. Box 91269, Bellevue, WA 98009 | 200009359320 | Gas | 0 | 1208 Eastlake Avenue East |
| All Temp Mechanical, Inc. | 527 NW 196th Pl, Shoreline, WA 98177 | N/A | HVAC | 1,000 | 1208 Eastlake Avenue East |

---

[1]    The amounts listed in this column reflect any applicable reductions for prepetition deposits or prepayments.

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| AT&T Inc. | P.O. Box 105262, Atlanta, GA 30348-5262 | 91946503490020300 | Internet and Telecommunications | 75 | North Carolina |
| AT&T Inc. | P.O. Box 6463, Carol Stream, IL 60197-6463 | 287024676651 | Internet and Telecommunications | 125 | North Carolina |
| AT&T Inc. | P.O. Box 5019, Carol Stream, IL 60197 | 1717936780402 | Internet and Telecommunications | 750 | North Carolina |
| Cablevision Systems Corp. | P.O. Box 371378, Pittsburgh, PA 15250-7378 | 78754371550104 | Internet and Telecommunications | 65 | New Jersey |
| CenturyLink, Inc. | P.O. Box 91155, Seattle, WA 98111 | 206Z070089805B | Internet and Telecommunications | 3,750 | All sites |
| CenturyLink, Inc. | P.O. Box 52187, Phoenix, AZ 85072-2187 | 84358533 | Internet and Telecommunications | 2,750 | Second & Eastlake Avenues |
| CenturyLink, Inc. | P.O. Box 29080, Phoenix, AZ 85038-9080 | 206D082020020 | Internet and Telecommunications | 1,500 | 1301 Second Avenue |
| Comcast Corp. | P.O. Box 37601, Philadelphia, PA 19101 | 900007574 | Internet and Telecommunications | 750 | 1301 Second Avenue |
| Comcast Corp. | P.O. Box 34744, Seattle, WA 98124-1744 | 8498320013784560 | Internet and Telecommunications | 113 | 1208 Eastlake Avenue East |
| DIRECTV | P.O. Box 60036, Los Angeles, CA 90060-0036 | 029833235 | Internet and Telecommunications | 60 | Seal Beach |
| Iron Mountain Inc. | P.O. Box 27129, New York, NY 10087-7129 | 129425 | Internet and Telecommunications | 1,000 | 1301 Second Avenue |
| Level 3 Communications | P.O. Box 910182, Denver, CO 80291-0182 | 17I9FGW | Internet and Telecommunications | 800 | 1301 Second Avenue |
| LightPath Technologies, Inc. | P.O. Box 360111, Pittsburgh, PA 15251-6111 | 52779 | Internet and Telecommunications | 2,000 | New Jersey |

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| Sprint Corp. | P.O. Box 219100, Kansas City, MO 64121-9100 | 926611876 | Internet and Telecommunications | 10,000 | All sites |
| T-Mobile US, Inc. | P.O. Box 660252, Dallas, TX 75266-0252 | 354212732 | Internet and Telecommunications | 2,500 | All sites |
| TW Telecom | P.O. Box 172567, Denver, CO 80217-2567 | 311258 | Internet and Telecommunications | 1,500 | Union City & Seal Beach |
| Verizon Communications Inc. | P.O. Box 4833, Trenton, NJ 08650 | 908725075259734 | Internet and Telecommunications | 450 | New Jersey |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900005 | Internet and Telecommunications | 600 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900008 | Internet and Telecommunications | 300 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900007 | Internet and Telecommunications | 3,500 | All sites |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900006 | Internet and Telecommunications | 200 | All sites |
| Verizon Communications Inc. | P.O. Box 920041, Dallas, TX 75392-0041 | 12801115893492100 | Internet and Telecommunications | 125 | Seal Beach |
| Verizon Communications Inc. | P.O. Box 660108, Dallas, TX 75266-0108 | 76446788900001 | Internet and Telecommunications | 8,750 | All sites |
| WCI | P.O. Box 9497, Seattle, WA 98109 | 00100363557 | Internet and Telecommunications | 13,750 | All sites |
| Republic Services, Inc. | P.O. Box 78829, Phoenix, AZ 85062-8829 | 301750856742 | Sanitation and Recycling | 225 | 1208 Eastlake Avenue East |
| Republic Services, Inc. | P.O. Box 78829, Phoenix, AZ 85062-8829 | N/A | Sanitation and Recycling | 1,125 | Seal Beach |
| Waste Management, Inc. | P.O. Box 105453, Atlanta, GA 30348 | 375011150513759 | Sanitation and Recycling | 275 | Union City |
| City of Atlanta | P.O. Box 105275, Atlanta, GA 30348-5275 | 0206298300 | Water & Sewer | 150 | Union City |

3

| Utility Provider | Utility Provider's Address | Account Number | Service Type | Adequate Assurance ($)[1] | Service Location |
|---|---|---|---|---|---|
| City of Seal Beach | 211 Eighth Street, Seal Beach, CA 90740 | 025952003 | Water & Sewer | 1,250 | Seal Beach |
| City of Seattle | P.O. Box 34016, Seattle, WA 98124 | 21628917463889 | Water & Sewer | 2,000 | 1208 Eastlake Avenue East |
| City of Union City | 5047 Union Street, Union City, GA 30291 | 19302000 | Water & Sewer | 1,200 | Union City |
| **Total** | | | | **$98,598** | |

4