IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

In re:                               :    Chapter 11

                                  :

DENDREON CORPORATION, et al.,   :    Case No. 14-12515 (___)

                                  :

                Debtors.[1]   :

                                  :    Joint Administration Pending

                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' MOTION FOR INTERIM ORDER AND FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 362(a)(3) AND 541 AND BANKRUPTCY RULE 3001 ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES IN DEBTORS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of interim and final orders (the "Interim Order" and "Final Order" respectively), under sections 105(a), 362(a)(3) and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing notice and hearing procedures that must be satisfied before certain transfers of equity securities in Dendreon Corporation ("Dendreon"), or of any beneficial interest therein, are deemed effective. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert L. Crotty in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

**JURISDICTION AND VENUE**

1.       This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and

1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this case

and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are Bankruptcy

Code sections 105(a), 362(a)(3) and 541 and Bankruptcy Rule 3001.

3.       Pursuant to Rule 9013-1(f) of the Local Rules for the United States

Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final

judgment or order with respect to this Motion if it is determined that this Court would lack

Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

**BACKGROUND**

4.       On the date hereof (the "Petition Date"), the Debtors each commenced a

case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the

"Chapter 11 Cases").

5.       The Debtors continue to manage and operate their business as debtors in

possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.       To date, no creditors' committee has been appointed in the Chapter 11

Cases by the Office of the United States Trustee for the District of Delaware (the "U.S.

Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.       The Debtors and their non-debtor affiliates are biotechnology companies

focused on the discovery, development and commercialization of novel therapies to significantly

improve treatment options for cancer patients. The Debtors are primarily focused on

commercializing PROVENGE® in the United States and around the world. PROVENGE is a

first-in-class immunotherapy used to treat patients suffering from advanced-stage prostate

cancer, which is the most common non-skin cancer and the second-leading cause of cancer deaths among men in the United States.

   8. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[2]

## RELIEF REQUESTED

   9. By the Motion, the Debtors seek entry of an order establishing, pursuant to Bankruptcy Code sections 105(a), 362(a)(3) and 541, notification and hearing procedures for certain transfers of equity securities in Dendreon or of any beneficial interest therein, including Options (defined below) to acquire such equity securities, that must be complied with before such transfers of equity securities are deemed effective. The procedures for trading in equity securities of Dendreon are necessary to protect and preserve the value of the Debtors' U.S. federal and state tax attributes, including but not limited to, significant net operating loss carryforwards ("NOLs" and, collectively with any capital losses, unrealized built-in losses, and certain other tax and business credits and other tax attributes, the "Tax Attributes").

   10. If no restrictions on trading are imposed by this Court, such trading could severely limit or even eliminate the Debtors' ability to use their Tax Attributes, which could lead to significant negative consequences for the Debtors, their estate, creditors, stakeholders and other parties in interest.  To preserve, to the fullest extent possible, the flexibility to maximize the use of the Tax Attributes, the Debtors seek limited relief that will enable the Debtors to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

closely monitor certain transfers of Dendreon equity securities, so as to be in a position to act expeditiously if necessary to preserve their Tax Attributes.  Thus, the Debtors request that this Court immediately enter an Interim Order, thereby preserving the status quo in this regard.

11.     In addition, the Debtors request that this Court schedule a final hearing within approximately thirty (30) days of the Petition Date to consider approval of the Motion on a final basis.

## THE DEBTORS' TAX ATTRIBUTES

12.     The Debtors have generated, and are currently generating, a significant amount of Tax Attributes for U.S. federal income tax purposes. For example, as of December 31, 2013, the Debtors had approximately $1.8 billion of NOLs that were available to offset taxable income and approximately $25 million of research credits available to offset tax liability.  By the Motion, the Debtors seek authorization to protect and preserve the value of their Tax Attributes, including, without limitation, their NOLs. While the value of the Debtors' Tax Attributes is contingent upon the amount of the Debtors' taxable income that may be offset by the Tax Attributes before they expire, the Debtors' NOLs and other Tax Attributes could translate into potential future tax savings for the Debtors.

13.     The Debtors' Tax Attributes are a valuable asset because the Debtors generally can carry forward their Tax Attributes to reduce or eliminate their income tax liability, thereby potentially freeing up funds to meet working capital requirements and service debt.  In particular, the Tax Attributes may be available to the Debtors to offset taxable income generated by ordinary course activity and other transactions completed during the course of the Chapter 11 Cases, including pursuant to a sale of the Debtors' assets under section 363 of the Bankruptcy Code.  Additionally, the Debtors can carry forward the NOLs and credits to reduce their future

tax liability, thereby potentially recovering cash for the benefit of their estate.  See 26 U.S.C.

§§ 39, 172.

### POTENTIAL LIMITATIONS ON THE USE OF THE DEBTORS' TAX ATTRIBUTES

14.     As a general matter, if a corporation undergoes an "ownership change,"

Section 382 ("Section 382") of title 26 of the United States Code, the Internal Revenue Code of

1986, as amended (the "IRC"), could severely limit or eliminate the corporation's ability to use

its NOLs and certain other tax attributes to offset future taxable income. Under Section 382, an

ownership change occurs when the percentage, by value, of a company's equity held by one or

more persons holding five percent or more of the stock (in certain cases, taking into account

Options to acquire such stock) (the "5% Shareholders") has increased by more than 50

percentage points over the lowest percentage of equity owned by such shareholders at any time

during the preceding three-year period or since the last ownership change, as applicable (the

"Testing Period"). If there has been a prior ownership change, the Testing Period for determining

whether another ownership change has occurred begins on the first day following the date of the

prior ownership change.  Section 383 of the IRC imposes a similar limitation to certain tax

credits of a corporation.  For clarity, this discussion refers only to Section 382 but the rules,

principles, and policies discussed therein are generally applicable to Section 383's limit on a

corporation's use of credits after an ownership change and are incorporated by reference into

Section 383 by the IRC and the Treasury Regulations promulgated thereunder.  See IRC §

383(e); 26 C.F.R. § 1.383-1(g) (2014).

15.     The general purpose of Section 382 is to prevent a company with taxable

income from reducing its tax obligations by acquiring control of another corporation with NOLs,

net unrealized built-in losses ("Built-in Losses") or certain other tax attributes.  To achieve this

objective, Section 382 limits the amount of taxable income that can be offset by a pre-change

loss to an amount equal to the product of the long-term tax-exempt rate (as published monthly by

the U.S. Department of the Treasury) as of the ownership change date and the value of the equity

of the loss corporation immediately before the ownership change (a "Section 382 Limitation").[3]

Built-in Losses recognized during the five-year period after the ownership change may be

subject to similar limitations.

**PROPOSED PROCEDURES FOR TRADING IN EQUITY SECURITIES**

16.     By establishing procedures for continuously monitoring the trading of

Dendreon equity securities, the Debtors can preserve their ability to seek substantive relief at the

appropriate time, particularly if it appears that additional trading may jeopardize the use of their

Tax Attributes. Accordingly, the Debtors request that this Court enter the Interim Order and

Final Order establishing the below procedures for trading in equity securities:[4]

a.     Any purchase, sale, or other transfer of equity securities in Dendreon in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 14(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

b.     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1) (2014)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (f) below) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, a notice of such status, in the form of Exhibit A-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (as defined in paragraph 18 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

---

[3]   The Section 382 Limitation may be increased if the loss corporation has a net unrealized built-in gain at the time of the ownership change. See IRC § 382(h)(1)(A).

[4]   With respect to the procedures set forth herein, the Debtors request that the Court permit the Debtors to waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in the Motion or in any order entered with respect hereto should the Debtors conclude in their sole discretion that any such restriction, stay or notification procedure is not necessary to protect their Tax Attributes; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware in writing within three business days thereafter.

c.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined in paragraph (f) below) that would result in an increase in the amount of Dendreon Stock (as defined in paragraph (f) below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit A-2 attached hereto, of the intended transfer of equity securities.

d.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Dendreon Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit A-3 attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (c) and this paragraph (d), each a "Notice of Proposed Transfer").

e.      The Debtors shall have thirty (30) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (e) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

f.      For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares[5]) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but

---

[5]      Based on approximately 158,859,497 shares of Dendreon Common Stock issued and outstanding as of September 30, 2014.

only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

17.     To ensure parties in interest receive appropriate notice of the procedures for trading in equity securities, the Debtors request that this Court approve the following notice provisions for the procedures for trading in equity securities.

18.     Following entry of an Interim Order granting the Motion, the Debtors propose to send a notice in substantially the form attached hereto as Exhibit A-4 (the "Notice of Order") to: (i) U.S. Trustee; (ii) the indenture trustee for the Debtors' 2.875% Convertible Senior Notes due 2016; (iii) counsel to the Unaffiliated Noteholders; (iv) counsel to the Deerfield Noteholders; (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); (vii) any directly registered holders of the Dendreon Stock; (viii) any record holders (i.e., banks, brokers, intermediaries, other nominees or their mailing agents (collectively, the "Nominees") of the Dendreon Stock (with instructions to serve down to the beneficial holder level); and (ix) the transfer agent(s) for the Dendreon Stock.

19.     Upon receipt of the Notice of Order, the Nominees shall serve the Notice of Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Order.  Additionally, any person or entity or broker or agent acting on their behalf who sells at least 4.00% of all issued and outstanding shares of Dendreon Stock (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of the Interim Order and Final Order or their contents to such purchaser or any broker

8

or agent acting on their behalf of such Dendreon Stock, to the extent reasonably feasible. The

Notice of Order will provide information as to the procedures to be followed in trading the

Dendreon Stock and include notice of a final hearing and an opportunity to object before entry of

a Final Order.

## BASIS OF RELIEF

**A.    The Significance Of The Debtors' Tax Attributes**

20.    As a result of past and current operations, the Debtors presently  have

significant Tax Attributes.  For example, as of December 31, 2013, the Debtors had

approximately $1.8 billion of NOLs that were available to offset taxable income and

approximately $25 million of research credits available to offset tax liability.  These Tax

Attributes may increase as the Chapter 11 Cases proceed. These Tax Attributes could translate

into potential future federal income tax savings for the Debtors.

21.    As discussed above, Section 172(b) of the IRC permits corporations to

carry forward NOLs to offset future taxable income, thereby significantly improving such

corporations' cash position in the future. Thus, the Debtors' Tax Attributes are a valuable asset of

their estates, and their availability could improve creditor recoveries.  For example, the Debtors

could utilize their NOLs to offset income earned during the course of the Chapter 11 Cases.

However, absent the relief requested herein, trading and accumulation of Dendreon's equity

securities during the pendency of the Chapter 11 Cases could severely limit the Debtors' ability

to utilize the value of their Tax Attributes.

**B.    The Provisions Of Section 382**

22.    As described above, Section 382 limits the amount of taxable income that

can be offset by a corporation's NOLs and Built-in Losses in taxable years (or portions thereof)

following an ownership change. If an ownership change were to occur during the course of the

Chapter 11 Cases, Section 382 would limit the amount of taxable income that the Debtors could offset by their pre-change losses in taxable years (or portions thereof) to an annual amount equal to the value of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate. See 26 U.S.C. § 382(b). Pre-change losses would include (i) NOLs and (ii) Built-in Losses (as defined in IRC § 382(h)(3)). This formulaic limitation under Section 382 can severely restrict the ability to use pre-change losses because the value of the equity of a distressed company may be quite low. By way of illustration, if the Debtors had undergone an ownership change as of September 30, 2014, they would be permitted to offset with pre-change losses no more than approximately $6,999,985 of their income in each post-change tax year, which amount is the market capitalization of Dendreon (approximately $228,757,676 million, as of September 30, 2014, based on 158,859,497 shares issued and outstanding and a trading price of approximately $1.44 per share) multiplied by 3.06% (the long-term tax-exempt rate for ownership changes occurring during September 2014[6]). Taxable income in excess of this amount would generally be taxable to the Debtors at a federal income tax rate of approximately 35%.

23.     The outcome of the Chapter 11 Cases is by no means certain.  The Debtors have entered into Plan Support Agreements with the Unaffiliated Noteholders and with the Deerfield Noteholders.  The Plan Support Agreements contemplate a stand-alone plan of reorganization, subject to a competitive bidding process for the sale of all or substantially all of the non-cash assets of the Debtors.  If the winning bid in connection with the competitive process is premised upon a sale through a plan, or in the event the Debtors prosecute a stand-alone plan of reorganization, it is likely that a majority of the equity of the reorganized Debtors would be distributed to either the purchaser or to creditors of the Debtors in exchange for all or part of

---

[6]     See Rev. Rul. 2014-22, 2014-37 I.R.B. 533, 534.

their claims. Accordingly, under any realistic plan of reorganization scenario, the Debtors would likely experience an "ownership change" for purposes of Section 382 because the percentage of equity that would be owned by creditors[7] would have increased by more than 50 percentage points over the lowest percentage of the equity of Dendreon held by such persons during the applicable Testing Period. See IRC § 382(g)(1). In such an event, as described more fully below, the Debtors may avail themselves of one of the special relief provisions applicable to an ownership change resulting from a confirmed chapter 11 plan. IRC §§ 382(l)(5), (6).

24. The problem facing the Debtors, and the reason for the Motion, is that if too many equity holders transfer their equity interests prior to the effective date of a plan of reorganization, such transfers may trigger an ownership change that would not fall within the ambit of special relief provisions applicable to an ownership change resulting from a confirmed chapter 11 plan because such an ownership change would not occur pursuant to a confirmed bankruptcy plan. An ownership change occurring during the pendency of the Chapter 11 Cases is of particular concern because it would likely result in an additional and severe Section 382 Limitation due to the diminished value of the Debtors' equity. Subsequent to such an ownership change, the Debtors' abilities to use their NOLs both during and after the pendency of the Chapter 11 Cases would be severely limited.

25. The Debtors, through the Motion, seek the ability to monitor and object to changes in ownership of Dendreon's equity securities so that they may prevent an ownership change during the pendency of the Chapter 11 Cases, and so preserve (1) the ability to utilize their NOLs during the pendency of the Chapter 11 Cases to offset taxable income and any

---

[7]    As used herein, the term (i) "creditors" means "creditor[s]" as defined in section 101(10) of the Bankruptcy Code, and (ii) "claims" means "claim[s]" as defined in section 101(5) of the Bankruptcy Code.

potential prepetition tax claims that may be asserted; and (2) the flexibility in crafting a possible

plan of reorganization, depending on facts and circumstances as they develop, that qualifies for

relief under one of the special bankruptcy provisions.  In short, the Debtors seek to maximize

their ability to reduce federal income taxes by offsetting their income earned during the Chapter

11 Cases and after their reorganization with current Tax Attributes.

**C.      Special Section 382 Bankruptcy Rules**

26.      To qualify for the Section 382 bankruptcy relief provisions—Section

382(l)(5) and (l)(6)—an ownership change must occur pursuant to the consummation of a plan of

reorganization. Under Section 382(l)(5), a Section 382 Limitation will not apply to an ownership

change resulting from consummation of a chapter 11 plan, provided that under the plan, the

debtor's pre-change shareholders (i.e., persons or entities who owned the debtor's stock

immediately before such ownership change) and/or certain qualified creditors emerge from the

reorganization owning at least 50% of the total value and voting power of the debtor's stock

immediately after the ownership change as a result of being shareholders or qualified creditors

immediately before such change. Section 382(l)(6) provides that if a corporation undergoes an

ownership change pursuant to a plan of reorganization in chapter 11 and Section 382(l)(5) does

not apply (either because the corporation elects out of that provision or because its requirements

are not satisfied), then under Section 382(l)(6), the value of the equity of the corporation for

purposes of calculating the Section 382 Limitation shall reflect the increase (if any) in value of

the old loss corporation resulting from any surrender or cancellation of creditors' claims in the

transaction. Thus, assuming the value of the equity of Dendreon increases as a result of a

reorganization, Section 382(l)(6) will provide for a higher annual limitation than would result

under the general rules of Section 382 and could allow the Debtors to use a greater portion of

their Tax Attributes to offset any post-change income.  Thus, in all circumstances, it is in the best

interests of the Debtors and their estates to grant the requested relief so as to prevent an ownership change prior to consummation of a plan of reorganization.

**D.      Tax Attributes Are Property Of The Debtors' Estates And Are Entitled To Court Protection**

27.      Courts have uniformly held that a debtor's NOLs constitute property of the estate under Section 541 of the Bankruptcy Code and, as such, courts have the authority to implement certain protective measures to preserve the NOLs. The seminal case articulating this rule is In re Prudential Lines, Inc., in which the Bankruptcy Court for the Southern District of New York held that a "debtor's potential ability to utilize NOLs is property of an estate." In re Prudential Lines, Inc., 107 B.R. 832, 838 (Bankr. S.D.N.Y. 1989), aff'd, 119 B.R. 430 (S.D.N.Y. 1990), aff'd, 928 F.2d 565 (2d Cir. 1991), cert. denied 502 U.S. 821 (1991). See also In re White Metal Rolling & Stamping Corp., 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("it is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them"). Because the Debtors' NOLs are property of their estates, this Court has the authority under Section 362 of the Bankruptcy Code to enforce the automatic stay by restricting the transfer of equity securities in the Debtors that could jeopardize the existence or value of this asset. See In re Phar-Mor, Inc., 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) (holding that Section 362 prohibited the sale of stock in the debtors as an exercise of control of the debtors' NOLs, which were property of the debtors' estates).

**E.      Bankruptcy Courts Routinely Grant The Relief Requested In The Motion**

28.      Courts in this and other jurisdictions have customarily restricted or enjoined transfers of equity securities or issued other injunctive relief to protect a debtor against the possible loss of its NOL carryforwards and certain other tax attributes. See, e.g., In re Exide Technologies, Case No. 13-11482 (KJC) (Bankr. D. Del. July 11, 2013) (granting final relief); In

re The PMI Group, Inc., Case No. 11-13730 (BLS) (Bankr. D. Del. Nov. 30, 2011) (granting

interim relief) and (Bankr. D. Del Feb. 8, 2012) (granting final relief); In re Newpage

Corporation, Case No. 11-12804 (KG) (Bankr. D. Del. Sep. 8, 2011) (granting interim relief) and

(Bankr. D. Del. Oct. 4, 2011) (granting final relief).[8]

      29.     The Debtors' Tax Attributes are potentially valuable assets of their estates

that will inure to the benefit of their stakeholders in a reorganization scenario. Unrestricted

trading in the Debtors' equity securities with no advance warning of such trades jeopardizes these

assets and could impair the value of the Debtors' estates. The Debtors respectfully submit that the

Interim Order and Final Order will play an integral role in the Debtors' success both during the

pendency of, and upon emergence from, the Chapter 11 Cases, and there is an immediate need to

establish the notice and hearing provisions regarding trading in equity securities in the Debtors.

Accordingly, the Debtors respectfully requests that the Court grant the relief requested herein.

**F.     The Requested Relief Is Narrowly Tailored**

      30.     The requested relief does not bar all trading of equity securities of the

Debtors. At this early juncture, the Debtors seek to establish procedures enabling it only to

monitor those types of trading in equity securities which pose a serious risk under the Section

382 ownership change test, so as to preserve the Debtors' ability to seek substantive relief if it

appears that a proposed trade of equity securities will jeopardize the use of their Tax Attributes.

The procedures requested by the Debtors in the Motion would permit most trading in equity

securities to continue subject only to Bankruptcy Rules 3001(e) and 3002 and applicable

securities, corporate, and other laws.

---

[8]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of
these orders, however, are available on request.

31.     The foregoing notice procedures satisfy due process and the strictures of Bankruptcy Rule 9014 by providing the counterparties with a notice and an opportunity to object and attend a hearing. See, e.g., In re Colorado Mountain Cellars, Inc., 226 B.R. 244, 246 (D. Colo. 1998) (noting that a hearing is not required to satisfy Bankruptcy Rule 9014). Furthermore, the proposed notice procedures protect the due process rights of the parties in interest without unnecessarily exposing the Debtors' estates to unwanted administrative expenses.

## G.     The Requested Relief Is Necessary To Avoid Irreparable Harm To The Debtors

32.     Once a Tax Attribute is limited under Section 382, its use may be limited forever. The relief sought herein is necessary to avoid an irrevocable loss or reduction in the availability of the Tax Attributes and the irreparable harm which could be caused by unrestricted trading in Dendreon's equity securities and the Debtors' resulting inability to offset taxable income freely with their Tax Attributes.

## NOTICE OF MOTION AND INTERIM ORDER

33.     Notice of the Motion will be given to: (i) the U.S. Trustee; (ii) the indenture trustee for the Debtors' 2.875% Convertible Senior Notes due 2016; (iii) counsel to the Unaffiliated Noteholders; (iv) counsel to the Deerfield Noteholders; (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); (vii) any known Substantial Shareholder(s); and (viii) the transfer agent(s) for the Dendreon Stock (collectively, the "Notice Parties").

34.     In the event the Court enters the Interim Order, the Debtors propose to serve notice of such entry on the Notice Parties. The notice will provide that any objections to the relief granted in the Interim Order must be filed with the Court and served upon counsel for the Debtors no later than seven days prior to the final hearing to be held on the Motion (the "Objection Deadline"). If an objection is timely filed and served prior to the Objection Deadline,

such objection will be heard at the final hearing on the Motion. If no objections are timely filed and served, the Debtors' counsel will file a certification of counsel to that effect attaching a final form of order.

## NO PRIOR REQUEST

35.     No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully requests that the Court enter the Interim

Order and Final Order, substantially in the forms annexed hereto, granting the relief requested in

the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 10, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Sarah E. Pierce*
Anthony W. Clark (I.D. No. 2051)
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman (*pro hac vice admission pending*)
Raquelle L. Kaye (*pro hac vice admission pending*)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman (*pro hac vice admission pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :    Chapter 11
                                              :
DENDREON CORPORATION, et al.,                 :    Case No. 14-12515 (___)
                                              :
               Debtors.[1]                    :    Jointly Administered
                                              :
                                              :    **Related Docket No. ____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### INTERIM ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 362(a)(3), AND 541 AND BANKRUPTCY RULE 3001 ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES IN DEBTORS

Upon consideration of the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an Interim Order and Final Order under Bankruptcy Code Sections 105, 362(a)(3) and 541 and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of equity securities in Dendreon Corporation ("<u>Dendreon</u>") or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted.

2.      Any purchase, sale, or other transfer of equity securities in Dendreon in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a)) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

3.      The following procedures shall apply to trading in equity securities of Dendreon:

        a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, a notice of such status, in the form attached hereto as Exhibit A-1, on or before the later of (A) twenty (20) calendar days after the date of the Notice of Order (as defined in paragraph 5 below) and (B) ten (10) calendar days after becoming a Substantial Shareholder.

        b.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined in paragraph (e) below) that would result in an increase in the amount of Dendreon Stock (as defined in paragraph (e) below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form attached hereto as Exhibit A-2, of the intended transfer of equity securities.

        c.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Dendreon Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form attached hereto as Exhibit A-3, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed  Transfer").

        d.      The Debtors shall have thirty (30) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or

person or entity that may become a Substantial Shareholder) an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

   e. For purposes of this Interim Order, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares[3]) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

   4. The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Interim Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

---

[3] Based on approximately 158,859,497 shares of Dendreon Common Stock issued and outstanding as of September 30, 2014.

5.      The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as <u>Exhibit A-4</u> ("<u>Notice of Order</u>") on: (i) the U.S. Trustee; (ii) the indenture trustee for the Debtors' 2.875% Convertible Senior Notes due 2016; (iii) counsel to the Unaffiliated Noteholders; (iv) counsel to the Deerfield Noteholders; (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); (vii) any directly registered holders of the Dendreon Stock; (viii) any record holders (i.e., banks, brokers, intermediaries, other nominees or their mailing agents (collectively, the "<u>Nominees</u>")) of the Dendreon Stock (with instructions to serve down to the beneficial holder level); and (ix) the transfer agent(s) for the Dendreon Stock.

6.      Upon receipt of the Notice of Order, the Nominees shall serve the Notice of Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Order.  Additionally, any person or entity or broker or agent acting on their behalf who sells at least 4.00% of all issued and outstanding shares of Dendreon Stock (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of this Interim Order or its contents to such purchaser or any broker or agent acting on their behalf of such Dendreon Stock, to the extent reasonably feasible.

7.      Any registered holder, including the Nominees, would be required, in turn, to provide such Notice of Order to any holder for whose account such registered holder holds such Dendreon Stock in an amount in excess of 4.00% of all issued and outstanding shares (or an Option with respect thereto), and so on down the chain of ownership for all such holders of Dendreon Stock holding an amount in excess of 4.00% of all issued and outstanding shares.

8.      Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount equal to at least 4.00% of all issued and outstanding shares of Dendreon Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Dendreon Stock or to any broker or agent acting on such purchaser's behalf.

9.      The requirements set forth in this Interim Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.     The final hearing on this Motion is set for _____ ___, 2014, at __:__ [a.m./p.m.] (prevailing Eastern Time). Any objections or responses to entry of the proposed Final Order shall be filed and served, so as to be received by 4:00 p.m. (prevailing Eastern Time) no later than seven (7) days prior to the final hearing, upon: (i) the Debtors, care of Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention: Robert L. Crotty, (ii) proposed counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: Kenneth S. Ziman and 155 North Wacker Drive, Chicago, Illinois 60606, Attention: Felicia Gerber Perlman and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Sarah E. Pierce, (iii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attention: Steven D. Pohl, (iv) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attention: John C. Longmire and (v) the U.S. Trustee.

11.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

12.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
              _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A-1**

**Notice of Status as Substantial Shareholder**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                     :

In re:                  :     Chapter 11
                     :

DENDREON CORPORATION, et al.,    :     Case No. 14-12515 (___)
                     :

          Debtors.[1]      :     Jointly Administered
                     :
                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

PLEASE TAKE NOTICE THAT the undersigned party is/has become a

Substantial Shareholder with respect to Dendreon Stock (as defined herein and in the Interim

Order Pursuant to Bankruptcy Code Sections 105(a), 362(a)(3), And 541 And Bankruptcy Rule

3001 Establishing Notification and Hearing Procedures for Trading in Equity Securities of the

Debtors (the "Interim Order")) of Dendreon Corporation ("Dendreon"), a debtor and debtor in

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

possession in Case No. 14-12515 pending in the United States Bankruptcy Court for the District

of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE THAT, as of [Date], the undersigned party

beneficially owns [_____] shares of Dendreon Stock. The following table sets forth the date(s)

on which the undersigned party acquired or otherwise became the beneficial owner of such

Dendreon Stock:

| Number Of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer

identification or social security number of the undersigned party are [____].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the

undersigned party hereby declares that it has examined this Notice and accompanying

attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments

which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Interim Order, this

Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden

Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention:

Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia

Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801

(Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP,

One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii)

2

counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attention: John C. Longmire).

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____
Name:        _____
Title:       _____
Address:     _____
             _____
             _____
Telephone:   _____
Facsimile:   _____
Date:        _____

## **EXHIBIT A-2**

**Notice of Intent to Acquire Equity Interest**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

In re:                    :     Chapter 11
                    :

DENDREON CORPORATION, et al.,   :     Case No. 14-12515 (___)
                    :

          Debtors.[1]    :     Jointly Administered
                    :
                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

> PLEASE TAKE NOTICE THAT the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate one or more shares of Dendreon Stock

(as defined herein and in the Interim Order Pursuant to Bankruptcy Code Sections 105(a),

362(a)(3), And 541 And Bankruptcy Rule 3001 Establishing Notification and Hearing

Procedures for Trading in Equity Securities of the Debtors (the "Interim Order")) of Dendreon

Corporation ("Dendreon") or an Option with respect thereto (as defined herein and in the Interim

Order) (the "Proposed Transfer").

> PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)],

the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership

*(cont'd)*

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently beneficially owns [   ] shares of Dendreon Stock.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [   ] shares of Dendreon Stock or an Option with respect to [   ] shares of Dendreon Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [   ] shares of Dendreon Stock (including any Options with respect to any Dendreon Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [   ].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

*(cont'd from previous page)*

(e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attention: John C. Longmire).

PLEASE TAKE FURTHER NOTICE THAT the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE THAT any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Dendreon Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:    _____
Name:  _____
Title:    _____
Address: _____
          _____
          _____
Telephone: _____
Facsimile: _____
Date:    _____

## **EXHIBIT A-3**

**Notice of Intent to Transfer Equity Interest**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DENDREON CORPORATION, et al., | : | Case No. 14-12515 (___) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST

PLEASE TAKE NOTICE THAT the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Dendreon Stock (as defined herein and in the Interim Order Pursuant to Bankruptcy Code Sections 105(a), 362(a)(3), And 541 And Bankruptcy Rule 3001 Establishing Notification and Hearing Procedures for Trading in Equity Securities of the Debtors (the "Interim Order")) of Dendreon Corporation ("Dendreon") or an Option with respect thereto (as defined herein and in the Interim Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to

*(cont'd)*

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently beneficially owns [   ] shares of Dendreon Stock (including any Options with respect to any Dendreon Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer [   ] shares of Dendreon Stock or an Option with respect to [   ] shares of Dendreon Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [   ] shares of Dendreon Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [   ].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

---

*(cont'd from previous page)*

the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Interim Order, this Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attention: John C. Longmire).

PLEASE TAKE FURTHER NOTICE THAT the Debtors have 30 calendar days after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 30-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

PLEASE TAKE FURTHER NOTICE THAT any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring shares of Dendreon Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____

(Name of Shareholder)

By:           _____
Name:         _____
Title:        _____
Address:      _____
              _____
              _____
Telephone:    _____
Facsimile:    _____
Date:         _____

## **EXHIBIT A-4**

**Notice of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :     Chapter 11
                                          :
DENDREON CORPORATION, et al.,             :     Case No. 14-12515 (___)
                                          :
                      Debtors.[1]         :     Jointly Administered
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF INTERIM ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND FED. R. BANKR. P. 3001 AND 3002 ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES OF DEBTORS**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:

PLEASE TAKE NOTICE THAT on November 10, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors"), each commenced a case under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). Subject to certain exceptions, Section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to Sections 105, 362, and 541 of the Bankruptcy Code establishing notification and hearing procedures for trading in equity securities in the Debtors (the "Motion").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

PLEASE TAKE FURTHER NOTICE THAT on [   ], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an Interim Order Pursuant to Bankruptcy Code Sections 105(a), 362(a)(3), And 541 And Bankruptcy Rule 3001 Establishing Notification and Hearing Procedures for Trading in Equity Securities in Debtors approving the procedures set forth below in order to preserve the Debtors' Tax Attributes (as defined in the Motion) (the "Interim Order").

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Interim Order, the following procedures shall apply to holding and trading in equity securities of Dendreon Corporation ("Dendreon"):

1.      Any purchase, sale, or other transfer of equity securities in the Debtors in violation of the procedures set forth herein (including the notice requirements set forth in Section 2(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

2.      The following procedures shall apply to trading in equity securities of Dendreon:

a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, a notice of such status, in the form of Exhibit A-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

b.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined in paragraph (e) below) that would result in an increase in the amount of Dendreon Stock (as defined in paragraph (e) below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit A-2 attached hereto, of the intended transfer of equity securities.

2

c.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Dendreon Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit A-3 attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed Transfer").

d.      The Debtors shall have thirty (30) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

e.      For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares[2]) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

---

[2]      Based on approximately 158,859,497 shares of Dendreon Common Stock issued and outstanding as of September 30, 2014.

PLEASE TAKE FURTHER NOTICE THAT, upon the request of any person, counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606, (Attention: Felicia Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attention: Sarah E. Pierce), will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Interim Order may be obtained free of charge from Prime Clerk, Attention: Dendreon Claim Processing, 830 3rd Avenue, 9th Floor, New York, NY 10022, telephone: 844-794-3479, or online at https://cases.primeclerk.com/dendreon.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN, THE DEBTORS IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

PLEASE TAKE FURTHER NOTICE THAT any objections to the relief granted in this Interim Order must be filed with the Court and served on counsel for the Debtors no later than seven days prior to the final hearing with respect to the Motion. The final hearing with respect to the Motion shall be held on [ _____ ], 2014 at [ ]:[ ] [ ].m.

Dated: Wilmington, Delaware
   _____, 2014

BY ORDER OF THE COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                 :

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DENDREON CORPORATION, <u>et al.</u>, | : | Case No. 14-12515 (___) |
|  | : |  |
| Debtors.[1] | : | Jointly Administered |
|  | : |  |
|  | : | **Related Docket No. ____** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 362(a)(3), AND 541 AND BANKRUPTCY RULE 3001 ESTABLISHING NOTICE AND HEARING <u>PROCEDURES FOR TRADING IN EQUITY SECURITIES IN DEBTORS</u>**

Upon consideration of the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an interim and final orders under Bankruptcy Code Sections 105, 362(a)(3) and 541 and Bankruptcy Rule 3001, establishing notice and hearing procedures that must be satisfied before certain transfers of equity securities in Dendreon Corporation ("<u>Dendreon</u>") or of any beneficial interest therein, are deemed effective; and this Court having previously entered an interim order granting the relief requested in the Motion (the "<u>Interim Order</u>"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as provided herein on a final basis.

2.      Any purchase, sale, or other transfer of equity securities in Dendreon in violation of the procedures set forth herein (including the notice requirements set forth in Section 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

3.      The following procedures for monitoring the trading in equity securities of Dendreon are hereby approved:

a.      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, a notice of such status, in the form of Exhibit B-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (as defined in paragraph 5 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

b.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined in paragraph (e) below) that would result in an increase in the amount of Dendreon Stock (as defined in paragraph (e) below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit B-2 attached hereto, of the intended transfer of equity securities.

c.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Dendreon Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit B-3 attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed Transfer").

d.      The Debtors shall have thirty (30) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or

person or entity that may become a Substantial Shareholder) an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

        e.      For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares[3]) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

        4.      The Debtors may waive, in writing and in their sole and absolute discretion, any and all restrictions, stays, and notification procedures contained in this Final Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days prior to any such waiver.

---

[3]    Based on approximately 158,859,497 shares of Dendreon Common Stock issued and outstanding as of September 30, 2014.

5.      The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form annexed hereto as <u>Exhibit B-4</u> ("<u>Notice of Order</u>") on: (i) the U.S. Trustee; (ii) the indenture trustee for the Debtors' 2.875% Convertible Senior Notes due 2016; (iii) counsel to the Unaffiliated Noteholders; (iv) counsel to the Deerfield Noteholders; (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors; (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); (vii) any directly registered holders of the Dendreon Stock; (viii) any record holders (i.e., banks, brokers, intermediaries, other nominees or their mailing agents (collectively, the "<u>Nominees</u>")) of the Dendreon Stock (with instructions to serve down to the beneficial holder level); and (ix) the transfer agent(s) for the Dendreon Stock.

6.      Upon receipt of the Notice of Order, the Nominees shall serve the Notice of Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Order.  Additionally, any person or entity or broker or agent acting on their behalf who sells at least 4.00% of all issued and outstanding shares of Dendreon Stock (or an Option with respect thereto) to another person or entity shall be required to provide notification of the existence of this Final Order or its contents to such purchaser or any broker or agent acting on their behalf of such Dendreon Stock, to the extent reasonably feasible.

7.      Any registered holder, including the Nominees, would be required, in turn, to provide such Notice of Order to any holder for whose account such registered holder holds such Dendreon Stock in an amount in excess of 4.00% of all issued and outstanding shares (or an Option with respect thereto), and so on down the chain of ownership for all such holders of Dendreon Stock holding an amount in excess of 4.00% of all issued and outstanding shares.

8.      Any person or entity or broker or agent acting on such person or entity's behalf who sells an aggregate amount equal to at least 4.00% of all issued and outstanding shares of Dendreon Stock (or an Option with respect thereto) to another person or entity shall provide a copy of the Notice of Order to such purchaser of such Dendreon Stock or to any broker or agent acting on such purchaser's behalf.

9.      The requirements set forth in this Final Order are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10.      The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

11.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

12.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Final Order.

Dated:  Wilmington, Delaware
        _____, 2014


        _____
        UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B-1**

## **Notice of Status as Substantial Shareholder**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

In re:                                    :       Chapter 11
                                           :

DENDREON CORPORATION, et al.,     :       Case No. 14-12515 (___)
                                           :

Debtors.[1]           :       Jointly Administered
                                           :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER</u>[2]

PLEASE TAKE NOTICE THAT the undersigned party is/has become a

Substantial Shareholder with respect to Dendreon Stock (as defined herein and in the Final Order

Establishing Notification and Hearing Procedures for Trading in Equity Securities of the Debtors

(the "<u>Final Order</u>") of Dendreon Corporation ("<u>Dendreon</u>"), a debtor and debtor in possession in

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon ("<u>Dendreon Stock</u>"), and (B) "<u>Beneficial Ownership</u>" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

Case No. 14-12515 pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE THAT, as of [Date], the undersigned party beneficially owns [_____] shares of Dendreon Stock. The following table sets forth the date(s) on which the undersigned party acquired or otherwise became the beneficial owner of such Dendreon Stock:

| Number Of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [   ].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attention: John C. Longmire).

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Facsimile: _____
Date:      _____

3

# **EXHIBIT B-2**

**Notice of Intent to Acquire Equity Interest**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
DENDREON CORPORATION, et al.,                               :    Case No. 14-12515 (___)
                                                            :
                        Debtors.[1]                         :    Jointly Administered
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR OTHERWISE
ACCUMULATE AN EQUITY INTEREST**

PLEASE TAKE NOTICE THAT the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate one or more shares of Dendreon Stock

(as defined herein and in the Final Order Establishing Notification and Hearing Procedures for

Trading in Equity Securities of the Debtors (the "Final Order")) of Dendreon Corporation

("Dendreon") or an Option with respect thereto (as defined herein and in the Interim Order) (the

"Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)],

the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon
       Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon
       Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle,
       Washington 98101.

[2]    For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in
       Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding
       shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon
       ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options
       to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382,
       Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to
       the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership
       (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its
       subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to
       make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only

*(cont'd)*

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently beneficially owns [   ] shares of Dendreon Stock.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate [   ] shares of Dendreon Stock or an Option with respect to [   ] shares of Dendreon Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [   ] shares of Dendreon Stock (including any Options with respect to any Dendreon Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [   ].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention:

_____
*(cont'd from previous page)*

to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia

Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801

(Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP,

One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii)

counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New

York, New York 10019 (Attention: John C. Longmire).

PLEASE TAKE FURTHER NOTICE THAT the Debtors have 30 calendar days

after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file

an objection, such Proposed Transfer will not be effective unless approved by a final and non-

appealable order of the Court. If the Debtors do not object within such 30-day period, then after

expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

PLEASE TAKE FURTHER NOTICE THAT any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating additional shares of Dendreon Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____
Name:        _____
Title:       _____
Address:     _____
             _____
             _____
Telephone:   _____
Facsimile:   _____
Date:        _____

## **EXHIBIT B-3**

**Notice of Intent to Transfer Equity Interest**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
               :
In re:                       :     Chapter 11
               :
DENDREON CORPORATION, et al.,   :     Case No. 14-12515 (___)
               :
           Debtors.[1]   :     Jointly Administered
               :
               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF INTENT TO SELL, TRADE OR OTHERWISE TRANSFER AN EQUITY INTEREST

PLEASE TAKE NOTICE THAT the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Dendreon Stock (as defined herein and in the Final Order Establishing Notification and Hearing Procedures for Trading in Equity Securities of the Debtors (the "Final Order")) of Dendreon Corporation ("Dendreon") or an Option with respect thereto (as defined herein and in the Interim Order) (the "Proposed Transfer").

PLEASE TAKE FURTHER NOTICE THAT, if applicable, on [Prior Date(s)], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]    For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only

*(cont'd)*

States Bankruptcy Court for the District of Delaware (the "Court") and served copies thereof on Debtors' counsel.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently beneficially owns [   ] shares of Dendreon Stock (including any Options with respect to any Dendreon Stock).

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer [   ] shares of Dendreon Stock or an Option with respect to [   ] shares of Dendreon Stock. If the Proposed Transfer is permitted to occur, the undersigned party will beneficially own [   ] shares of Dendreon Stock after the transfer.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [   ].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, this Notice is being (a) filed with the Court and (b) served upon (i) counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention:

_____

*(cont'd from previous page)*

to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

2

Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia

Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801

(Attention: Sarah E. Pierce), (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP,

One Financial Center, Boston, Massachusetts 02111 (Attention: Steven D. Pohl), and (iii)

counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New

York, New York 10019 (Attention: John C. Longmire).

        PLEASE TAKE FURTHER NOTICE THAT the Debtors have 30 calendar days

after receipt of this Notice to object to the Proposed Transfer described herein. If the Debtors file

an objection, such Proposed Transfer will not be effective unless approved by a final and non-

appealable order of the Court. If the Debtors do not object within such 30-day period, then after

expiration of such period the Proposed Transfer may proceed solely as set forth in the Notice.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

PLEASE TAKE FURTHER NOTICE THAT any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring shares of Dendreon Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:     _____
Name:   _____
Title:  _____
Address: _____
        _____
        _____
Telephone: _____
Facsimile: _____
Date:   _____

# EXHIBIT B-4

**Notice of Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                    :    Chapter 11
:
DENDREON CORPORATION, et al.,             :    Case No. 14-12515 (___)
:
Debtors.[1]                      :    Jointly Administered
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF FINAL ORDER UNDER 11 U.S.C. §§ 105, 362 AND 541 AND FED. R. BANKR. P. 3001 AND 3002 ESTABLISHING NOTIFICATION AND HEARING PROCEDURES FOR TRADING IN EQUITY SECURITIES OF DEBTOR**

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTOR:

PLEASE TAKE NOTICE THAT on November 10, 2014 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors"), each commenced a case under chapter 11 of title 11 of the United States Code 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). Subject to certain exceptions, Section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estate or to exercise control over property of the Debtors' estates.

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Debtors filed a motion seeking entry of an Interim Order and Final Order pursuant to Bankruptcy Code sections 105, 362, and 541 establishing notification and hearing procedures for trading in equity securities in the Debtors (the "Motion").

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

PLEASE TAKE FURTHER NOTICE THAT on [   ], 2014, the United States Bankruptcy Court for the District of Delaware (the "Court") entered a Final Order Establishing Notification and Hearing Procedures for Trading in Equity Securities in Debtors approving the procedures set forth below in order to preserve the Debtors' Tax Attributes (as defined in the Motion) (the "Final Order").

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Final Order, the following procedures shall apply to holding and trading in equity securities of Dendreon Corporation ("Dendreon"):

1.    Any purchase, sale, or other transfer of equity securities in the Debtors in violation of the procedures set forth herein (including the notice requirements set forth in Section 2(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

2.    The following procedures shall apply to trading in equity securities of Dendreon:

a.    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, a notice of such status, in the form of Exhibit B-1 attached hereto, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

b.    At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined in paragraph (e) below) that would result in an increase in the amount of Dendreon Stock (as defined in paragraph (e) below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit B-2 attached hereto, of the intended transfer of equity securities.

2

c.      At least thirty (30) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Dendreon Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this Court, and serve on (i) counsel to the Debtors, (ii) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, and (iii) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, advance written notice, in the form of Exhibit B-3 attached hereto, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "Notice of Proposed Transfer").

d.      The Debtors shall have thirty (30) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

e.      For purposes of these procedures, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) which beneficially owns at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2014, approximately 7,148,678 shares[2]) of the common stock of Dendreon ("Dendreon Stock"), and (B) "Beneficial Ownership" (or any variation thereof of Dendreon Stock and Options to acquire Dendreon Stock) shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Dendreon Stock, but only to the extent such Option is treated as exercised under Treasury Regulation section 1.382-4(d). An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, under Treasury Regulation section 1.382-4(d), any of the 2.875% Convertible Senior Notes due 2016 will be treated as exercised only if any such 2.875% Convertible Senior Notes due 2016 are transferred, or arrangements are put in place, and a principal purpose of such transfer or arrangements is to avoid or ameliorate the impact of an "ownership change" of Dendreon as contemplated by Treasury Regulation section 1.382-4(d).

---

[2]      Based on approximately 158,859,497 shares of Dendreon Common Stock issued and outstanding as of September 30, 2014.

PLEASE TAKE FURTHER NOTICE THAT, upon the request of any person, counsel to the Debtors, Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Kenneth S. Ziman) and 155 North Wacker Drive, Chicago, Illinois 60606 (Attention: Felicia Gerber Perlman) and One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attention: Sarah E. Pierce), will provide a form of each of the required notices described above.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Final Order may be obtained free of charge from Prime Clerk, Attention: Dendreon Claim Processing, 830 3rd Avenue, 9th Floor, New York, NY 10022, telephone: 844-794-3479, or online at https://cases.primeclerk.com/dendreon.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF EQUITY SECURITIES IN THE DEBTORS IN VIOLATION OF THE FINAL ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE BANKRUPTCY COURT.**

PLEASE TAKE FURTHER NOTICE THAT the requirements set forth in this Notice are in addition to the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure and applicable securities, corporate, and other laws, and do not excuse compliance therewith.

Dated: Wilmington, Delaware
_____, 2014


_____
UNITED STATES BANKRUPTCY JUDGE

5