IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
DENDREON CORPORATION, <u>et al.</u>, : Case No. 14-12515 (\_\_\_)
: 
Debtors.[1] : Joint Administration Pending
: 
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 521, FED. R. BANKR. P. 1007(c) AND DEL. BANKR. L.R. 1007-1(b) EXTENDING TIME FOR DEBTORS TO FILE SCHEDULES AND STATEMENTS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), hereby move (this "<u>Motion</u>") this Court for entry of an order, pursuant to sections 105 and 521 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 1007-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "<u>Local Bankruptcy Rules</u>"), extending the time by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") to thirty (30) days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b), which is December 10, 2014, to January 9, 2015. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert L. Crotty in Support of Chapter 11 Petitions and First Day Pleadings (the "<u>First Day Declaration</u>"), filed with the Court concurrently

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

herewith. In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 521, Bankruptcy Rule 7001(c) and Local Bankruptcy Rule 1007-1(b).

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7. The Debtors and their non-debtor affiliates are biotechnology companies focused on the discovery, development and commercialization of novel therapies to significantly improve treatment options for cancer patients. The Debtors are primarily focused on

commercializing PROVENGE® in the United States and around the world. PROVENGE is a first-in-class immunotherapy used to treat patients suffering from advanced-stage prostate cancer, which is the most common non-skin cancer and the second-leading cause of cancer deaths among men in the United States.

8.      Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[2]

## RELIEF REQUESTED

9.      By this Motion, the Debtors request entry of an order extending the time by which the Debtors must file their Schedules and Statements to thirty (30) days after the current deadline imposed by Local Bankruptcy Rule 1007-1(b), which is December 10, 2014, to January 9, 2015 (the "Filing Deadline"), without prejudice to the Debtors' right to request additional time should it become necessary.

10.     For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

11.     Under Bankruptcy Code section 521 and Bankruptcy Rule 1007(b), the Debtors are required to file their Schedules and Statements. See Fed. R. Bankr. P. 1007(b).

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Bankruptcy Rule 1007(c) provides that the Debtors must file the Schedules and Statements within fourteen (14) days after the Petition Date. See 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(c).

12. Local Bankruptcy Rule 1007-1(b) automatically extends this deadline for filing the Schedules and Statements to the date that is thirty (30) days after the Petition Date, not including the Petition Date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Bankruptcy Rule 1007-2; and (ii) if the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200. See Del. Bankr. L.R. 1007-1(b); see also Fed. R. Bankr. P. 9006(a).

13. The Debtors have filed concurrently herewith a creditor matrix listing the Debtors' creditors and their addresses in accordance with Local Bankruptcy Rule 1007-2, which, on a consolidated basis, includes more than 200 creditors. Accordingly, by operation of Local Bankruptcy Rule 1007-1(b), the deadline for the Debtors to file their Schedules and Statements is automatically extended to December 10, 2014, which is thirty (30) days from the Petition Date.

14. This Court has authority to grant the Debtors' requested extension under Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents . . . may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Bankruptcy Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

15. The Debtors seek an extension of the deadline to file their Schedules and Statements imposed by Local Bankruptcy Rule 1007-1(b). Given the substantial burdens already imposed on the Debtors' management by the commencement of the Chapter 11 Cases, the limited number of employees available to collect the information, the competing demands upon such

employees and the time and attention that the Debtors must devote to the Chapter 11 process, the Debtors may be unable to complete their Schedules and Statements by the current deadline imposed by the Bankruptcy Rules and the Local Bankruptcy Rules.

16. Accordingly, the Debtors submit that "cause" exists to extend the current deadline imposed by Local Bankruptcy Rule 1007-1(b) for an additional thirty (30) days, until the Filing Deadline. The requested extension will enhance the accuracy of the Debtors' Schedules and Statements and avoid the necessity of substantial subsequent amendments.

## APPLICABLE AUTHORITY

17. The relief requested herein is commonly granted in this District. See, e.g., In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 30, 2014); In re Savient Pharm., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Oct. 16, 2013); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. June 11, 2013); In re Synagro Techs., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. Apr. 25, 2013); In re ICL Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013).[3]

## NOTICE

18. Notice of this Motion shall be given to: (i) the U.S. Trustee, (ii) the indenture trustee for the 2.875% Convertible Senior Notes due 2016, (iii) counsel to the Unaffiliated Noteholders, (iv) counsel to the Deerfield Noteholders, (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       November 10, 2014

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Sarah E. Pierce*
Anthony W. Clark (I.D. No. 2051)
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman (*pro hac vice admission pending*)
Raquelle L. Kaye (*pro hac vice admission pending*)
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman (*pro hac vice admission pending*)
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Proposed Counsel for Debtors and Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re: : Chapter 11
: 
DENDREON CORPORATION, et al., : Case No. 14-12515 (___)
: 
Debtors.[1] : Jointly Administered
: 
: **Related Docket No. ____**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 521,
FED. R. BANKR. P. 1007(c) AND DEL. BANKR. L.R. 1007-1(b) EXTENDING
TIME FOR DEBTORS TO FILE SCHEDULES AND STATEMENTS**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order"), pursuant to Bankruptcy Code sections 105 and 521, Bankruptcy Rule 1007(c) and Local Bankruptcy Rule 1007-1(b), extending the time by which the Debtors must file their Schedules and Statements; and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the First Day Declaration.

2

  2. The time by which the Debtors must file their Schedules and Statements shall be, and hereby is, extended for thirty (30) days from the current deadline imposed by Local Rule 1007-1(b), through and including January 9, 2015.

  3. Entry of this Order shall be without prejudice to the Debtors' right to request further extensions of time within which to file their Schedules and Statements or to request other relief from this Court regarding the filing of their Schedules and Statements or waiver of the requirement to file their Schedules and Statements.

  4. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

  5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

  6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
   _____, 2014

            _____
            UNITED STATES BANKRUPTCY JUDGE