IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
DENDREON CORPORATION., et al.,            :   Case No. 14-12515 (___)
                                          :
            Debtors.[1]                   :   Joint Administration Pending
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTORS' MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 330 AND 331 AUTHORIZING THE DEBTORS TO EMPLOY AND PAY PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order, pursuant to sections 105(a), 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the retention and payment of professionals utilized by the Debtors in the ordinary course of business. In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Robert L. Crotty in Support of Chapter 11 Petitions and First Day Pleadings (the "First Day Declaration"), filed with the Court concurrently herewith. In further support of this Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

## JURISDICTION AND VENUE

1.        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.        The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327, 330 and 331.

3.        Pursuant to Rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.        On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.        The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.        To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.        The Debtors and their non-debtor affiliates are biotechnology companies focused on the discovery, development and commercialization of novel therapies to significantly improve treatment options for cancer patients. The Debtors are primarily focused on

commercializing PROVENGE® in the United States and around the world. PROVENGE is a first-in-class immunotherapy used to treat patients suffering from advanced-stage prostate cancer, which is the most common non-skin cancer and the second-leading cause of cancer deaths among men in the United States.

8.     Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, their capital raising and restructuring activities and the events leading to the Debtors' decision to file the Chapter 11 Cases, is set forth in detail in the First Day Declaration.[2]

## RELIEF REQUESTED

9.     The Debtors customarily retain the services of various attorneys, accountants and other professionals to represent them in matters arising in the ordinary course of their businesses, unrelated to the Chapter 11 Cases (the "Ordinary Course Professionals"). A list of the Debtors' current Ordinary Course Professionals is attached hereto as Exhibit A.[3]

10.     By this Motion, the Debtors request entry of an order authorizing the Debtors (a) to retain the Ordinary Course Professionals under sections 105(a) and 327 of the Bankruptcy Code without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional and (b) to pay the Ordinary Course Professionals under sections 330 and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred, subject to the limits and procedures set forth below, without the

---

[2]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]   The Debtors have included most if not all of their prepetition litigation counsel involved in active matters as Ordinary Course Professionals, but the Debtors anticipate that prepetition litigation will be stayed upon the filing of the Chapter 11 Cases. Consequently, any fees incurred during the Chapter 11 Cases, if the stay is not lifted, would be *de minimis*. As discussed more fully herein, the Debtors reserve the right to supplement such list in the future.

necessity of additional court approval.[4]  For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

11.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals has an interest materially adverse to the Debtors, their estates, or creditors with respect to the matters on which they are retained.

**BASIS FOR RELIEF**

12.     To enable them to continue normal business activities that are essential to their restructuring efforts, the Debtors desire to continue to employ and retain the services of the Ordinary Course Professionals while operating as debtors in possession under the Bankruptcy Code. Moreover, the work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estates, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value. The Ordinary Course Professionals provide such services as legal, accounting, tax and consulting support that is critical to the successful operation of the Debtors' businesses during this period. Any disruption would be harmful to the Debtors' businesses and detrimental to the Debtors' estates.

13.     It would hinder the administration of the Debtors' estates if the Debtors were required to (a) submit to the Court an application, affidavit and proposed retention order for

---

[4]     In contrast, individual retention applications have been filed for professionals that the Debtors have employed in connection with the conduct of the Chapter 11 Cases or in connection with special matters not appropriate for ordinary course treatment (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with separate procedures approved by this Court. Moreover, although the Debtors believe that certain of the Ordinary Course Professionals are not "professional persons" as contemplated by Bankruptcy Code section 327 and, thus, that no retention or payment authorization is necessary, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals.

4

each Ordinary Course Professional; (b) wait until such order is approved before such Ordinary Course Professional continues to render services; and (c) withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

14.    Moreover, requiring the Ordinary Course Professionals to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the Court and the U.S. Trustee, while adding significantly to the administrative costs of these cases without any corresponding benefit to the Debtors' estates. Accordingly, the Debtors request that they be permitted to employ and retain the Ordinary Course Professionals on terms substantially similar to those in effect prior to the Petition Date, but subject to the terms described below.

## PROPOSED RETENTION PROCEDURE

15.    The Debtors request that they be permitted to employ and retain the Ordinary Course Professionals without submitting separate applications for, and obtaining separate orders approving, retention of each of the professionals. The Debtors recognize, however, the importance of providing information regarding Ordinary Course Professionals to the Court and the U.S. Trustee. Accordingly, the Debtors propose the following procedures for retention of the Ordinary Course Professionals.

**A.    Submission of Rule 2014 Declarations**

16.    The Debtors propose that within five business days after the date of entry of the order approving this Motion (the "Order"), the Debtors shall serve the Order via email upon each initial Ordinary Course Professional. Thereafter, no later than two weeks after the date of entry of the Order, each initial Ordinary Course Professional shall provide to the Debtors and

the Debtors' counsel, for filing with the Court and service upon (a) the U.S. Trustee; (b) counsel to the Unaffiliated Noteholders; (c) counsel to the Deerfield Noteholders; and (d) counsel to any official committee appointed in the Chapter 11 Cases ((a)-(d), together the "Notice Parties") a completed declaration (an "OCP Declaration") substantially in the form attached hereto as Exhibit B.

17.     The Debtors further request that upon service of the OCP Declaration, the Notice Parties will have twenty-one (21) days (the "Objection Period") to object to the retention of the Ordinary Course Professional in question. Any such objection must be filed with the Court and served upon (a) the Ordinary Course Professional; (b) the Notice Parties; and (c) the undersigned counsel to the Debtors, prior to the expiration of the Objection Period. If any such objection cannot be resolved and withdrawn within twenty-one (21) days after service, the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors and the objecting party. If no objection is received during the Objection Period, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

18.     The Debtors propose that if an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration and that Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the monthly caps described below.

**B.**     **Additional Ordinary Course Professionals**

19.     The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals, not currently listed on Exhibit A, as future circumstances require (the "Additional Ordinary Course Professionals"), without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a supplement to Exhibit A (the "Supplement") and serving a copy of the Supplement upon the Notice Parties.

20.     The Debtors propose that, as with the Ordinary Course Professionals, each Additional Ordinary Course Professional provide to the Debtors and the Debtors' counsel, for filing with the Court and service upon the Notice Parties the OCP Declaration within two weeks after the filing of the Supplement. The Notice Parties would then be given twenty-one (21) days after service of the OCP Declaration to object to the retention of the Additional Ordinary Course Professional in question. Any objection would be handled as set forth above. If no objection is submitted, or the objection is withdrawn, the Debtors would be authorized to retain the Additional Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

**PROPOSED PAYMENT PROCEDURE**

21.     The Debtors seek authority to pay, without formal application to and order from the Court, the fees and expenses of each Ordinary Course Professional upon submission to and approval by the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the postpetition services rendered and expenses incurred. The Debtors, however, recognize that bills exceeding certain dollar amounts should be subject to the approval procedures otherwise applicable to the Chapter 11 Professionals.

A.    **Monthly Payment Caps**

22.    The Debtors propose that they be permitted to pay, without formal application to the Court by any Ordinary Course Professional, fees and expenses not exceeding a total of $50,000 per month on average over a three-month rolling basis for each Ordinary Course Professional in the manner customarily made by the Debtors, unless additional payments are authorized for any month by agreement of the Notice Parties. The Debtors also propose that aggregate monthly payments to all Ordinary Course Professionals be limited to $280,000, unless additional payments are authorized for any month by agreement of the Notice Parties.

23.    In the event that in a given three-month period, the invoice of an Ordinary Course Professional exceeds $150,000 in interim fees and disbursements, and the Notice Parties have not provided authorization, such professional would be required to apply, pursuant to sections 330 and 331 of the Bankruptcy Code, for approval by the Court for all such professional's fees and disbursements for such three-month period, but would be entitled to an interim payment up to the amount of $150,000 as a credit against the fees and disbursements for such three-month period ultimately allowed by the Court.

B.    **Periodic Statements Of Payments Made**

24.    The Debtors further propose to file with the Court and serve upon the Notice Parties a periodic payment summary, including the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. Each such payment summary would cover a three-month period and would be filed and served by the last day of the

month following the end of each such three-month period. The first payment summary shall cover the period from the Petition Date through January 31, 2015.

## APPLICABLE AUTHORITY

25.     The Debtors do not believe that the Ordinary Course Professionals are "professionals" within the meaning of section 327 of the Bankruptcy Code because the Ordinary Course Professionals' employment relates only indirectly to the Debtors' work as debtors in possession. Specifically, the Ordinary Course Professionals will not be involved in administering the Chapter 11 Cases and, therefore, retention does not require court approval. See In re Am. Tissue, Inc., 331 B.R. 169, 173 (Bankr. D. Del. 2005) (discussing the factors to consider when determining whether an entity or person is a "professional"); In re First Merchs. Acceptance Corp., 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (discussing the factors to be considered in determining whether a person is a professional under section 327 of the Bankruptcy Code); Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) (finding that "professional persons" as used in section 327(a) of the Bankruptcy Code "is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate"); In re Seatrain Lines, Inc., 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) (finding that "professional person" as used in section 327(a) of the Bankruptcy Code refers only to "persons in those occupations which play a central role in the administration of the debtor proceeding"); Elstead v. Nolden (In re That's Entm't Mktg. Grp., Inc.), 168 B.R. 226, 229-31 (N.D. Cal. 1994) (stating that only retention of professionals whose duties are central to administration of estate requires prior court approval under section 327 of the Bankruptcy Code).

26.     Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any later controversy about the Debtors' employing and paying the Ordinary Course Professionals during the pendency of the Chapter 11 Cases. As discussed above, the Debtors will seek specific court authority under section 327 of the Bankruptcy Code to employ any other professionals involved in the actual administration of the Chapter 11 Cases.

27.     Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. See, e.g., In re Energy Future Holdings Corp., Case No. 14-10979 (CSS) (Bankr. D. Del. June 3, 2014); In re Savient Pharms., Inc., Case No. 13-12680 (MFW) (Bankr. D. Del. Nov. 19, 2013); In re Exide Techs., Case No. 13-11482 (KJC) (Bankr. D. Del. July 11, 2013); In re Synagro Techs., Inc., Case No. 13-11041 (BLS) (Bankr. D. Del. May 28, 2013); In re ICL Holding Co., Inc., Case No. 12-13319 (KG) (Bankr. D. Del. Jan. 10, 2013).[5]

28.     For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders and other parties in interest, and therefore, should be granted.

## RESERVATION OF RIGHTS

29.     Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; or (c) a promise to pay any claim.

## NOTICE

30.     Notice of this Motion shall be given to: (i) the U.S. Trustee, (ii) the indenture trustee for the 2.875% Convertible Senior Notes due 2016, (iii) counsel to the

---

[5]     Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available on request.

Unaffiliated Noteholders, (iv) counsel to the Deerfield Noteolders, (v) the parties included on the Debtors' list of twenty (20) largest unsecured creditors and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m). The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

31.     No previous request for the relief sought herein has been made to this Court or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
      November 10, 2014

                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                  */s/ Sarah E. Pierce*
                  Anthony W. Clark (I.D. No. 2051)
                  Sarah E. Pierce (I.D. No. 4648)
                  One Rodney Square
                  P.O. Box 636
                  Wilmington, Delaware 19899-0636
                  Telephone: (302) 651-3000
                  Fax: (302) 651-3001

                  - and -

                  Kenneth S. Ziman (*pro hac vice admission pending*)
                  Raquelle L. Kaye (*pro hac vice admission pending*)
                  Four Times Square
                  New York, New York 10036-6522
                  Telephone: (212) 735-3000
                  Fax: (212) 735-2000

                  - and -

                  Felicia Gerber Perlman (*pro hac vice admission pending*)
                  155 N. Wacker Drive
                  Chicago, Illinois 60606-1720
                  Telephone: (312) 407-0700
                  Fax: (312) 407-0411

                  Proposed Counsel for Debtors and Debtors in Possession

1004311-CHISR02A - MSW

## EXHIBIT A

### List of Ordinary Course Professionals

| Name of Ordinary Course Professional | Address | Service Provided to Debtors |
|---|---|---|
| ARNOLD & PORTER LLP | PO BOX 759451<br>BALTIMORE, MD 21275 | Legal |
| CADIENT GROUP, INC. | 2520 RENAISSANCE BOULEVARD, STE 100<br>KING OF PRUSSIA, PA 19406 | Medical Affairs Consulting |
| COOLEY LLP | 101 CALIFORNIA ST, 5TH FL<br>SAN FRANCISCO, CA  94111 | Legal |
| DLA PIPER LLP (US) | PO BOX 75190<br>BALTIMORE, MD  21275 | Legal |
| HOGAN LOVELLS US LLP | 555 THIRTEENTH ST NW<br>WASHINGTON DC  20004 | Legal |
| HUNTON & WILLIAMS, LLP | BANK OF AMERICA PLAZA, 600 PEACHTREE ST, N.E., STE 4100<br>ATLANTA, GA 30308 | Legal |
| JOELE FRANK, WILKINSON BRIMMER KATCHER | 622 THIRD AVE<br>NEW YORK, NY 10017 | Public Relations |
| KILPATRICK TOWNSEND & STOCKTON LLP | DEPT #34542, P.O. BOX 39000<br>SAN FRANCISCO, CA  94139 | Legal |
| KING & SPALDING, LLP | PO BOX 116133<br>ATLANTA, GA 30368 | Legal |
| MERCER (US) INC. | PO BOX 730212<br>DALLAS, TX 75373 | Advisory |
| NIXON PEABODY LLP | PO BOX 28012<br>NEW YORK, NY 10087 | Legal |
| PRICEWATERHOUSECOOPERS, LLP | PO BOX 514038<br>LOS ANGELES, CA  90051 | Advisory |
| REED SMITH, LLP | PO BOX 360110<br>PITTSBURGH, PA 15251 | Legal |
| SIDLEY AUSTIN LLP | PO BOX 0642<br>CHICAGO, IL  60690 | Legal |
| STOEL RIVES LLP | 900 SW FIFTH AVE, STE 2600<br>PORTLAND, OR 97204 | Legal |
| VINSON & ELKINS LLP | PO BOX 301019<br>DALLAS, TX 75303 | Legal |

**EXHIBIT B**
**OCP Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                              :        Chapter 11
:
DENDREON CORPORATION, et al.,                       :        Case No. 14-12515 (___)
:
Debtors.[1]                  :        Joint Administration Pending
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OCP DECLARATION

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY DENDREON
CORPORATION, ET AL. (the "Debtors")

DO NOT FILE THIS DECLARATION WITH THE COURT.
RETURN IT TO THE DEBTORS AT:

      Skadden, Arps, Slate, Meagher & Flom LLP
      155 N. Wacker Dr., Ste. 2700
      Chicago, IL 60606
      Attn:  Felicia Gerber Perlman
      Email: Felicia.Perlman@skadden.com

If more space is needed, please complete on a separate page and attach.

I, _____, PURSUANT TO 28 U.S.C. § 1746, HEREBY DECLARE THAT THE
FOLLOWING IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND
BELIEF:

1.      Name and address of firm:

      _____

      _____

      _____

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:
Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and
Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd
Avenue, Seattle, Washington 98101.

2.      Date of retention: _____

3.      Type of services provided (accounting, legal, etc.):

_____

_____

_____

_____

4.      Brief description of services to be provided:

_____

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

6.      Average hourly rate (if applicable):
Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

_____

7.      Prepetition claims against any of the Debtors held by the firm:

Amount of claim:  $_____

Date claim arose: _____

Source of claim: _____

8.      Prepetition claims against any of the Debtors held individually by any member, associate or professional employee of the firm:

Name: _____

Status: _____

2

Amount of Claim:  $_____

Date claim arose:  _____

Source of claim:  _____

9.      Stock of any of the Debtors currently held by the firm:

Kind of shares:  _____

No. of shares:  _____

10.     Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  _____

Status:  _____

Kind of shares:  _____

No. of shares:  _____

11.     Retainer held as of the Petition Date:

Amount of retainer:  $_____

The above-named firm holds no interest adverse to the Debtors or to their estates with respect to the matters on which the firm is to be employed, except as disclosed below.  (Provide nature and brief description of any such adverse interest.)

_____

_____

_____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: _____

Name: _____
Title: _____
Company: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :        Chapter 11
                                              :
DENDREON CORPORATION, et al.,                 :        Case No. 14-12515 (___)
                                              :
            Debtors.[1]                       :        Jointly Administered
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x        **Related Docket No.**

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 327, 330 AND 331 AUTHORIZING
DEBTORS TO EMPLOY AND PAY PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the Debtors for an order (the "Order")
pursuant to sections 105(a), 327, 330 and 331 of the Bankruptcy Code, authorizing, but not
directing, the Debtors to (a) retain the Ordinary Course Professionals under sections 105(a) and
327 of the Bankruptcy Code without the necessity of a separate, formal retention application
approved by this Court for each Ordinary Course Professional; and (b) pay the Ordinary Course
Professionals under Bankruptcy Code sections 330 and 331 for postpetition services rendered
and expenses incurred, subject to certain limits set forth below, without the necessity of
additional Court approval; and upon the First Day Declaration; and due and sufficient notice of
the Motion having been given under the particular circumstances; and it appearing that no other
or further notice need be provided; and it appearing that the relief requested by the Motion is in

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon
       Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon
       Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle,
       Washington 98101.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or
       the First Day Declaration.

the best interests of the Debtors, their estates, their creditors and other parties in interest; and

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized to employ and retain the Ordinary Course

Professionals listed on Exhibit A hereto, without the need to file individual retention applications

and obtain retention orders for each such Ordinary Course Professional.

3.      Within five (5) business days after the date of entry of the Order, the

Debtors shall serve the Order via email upon each Ordinary Course Professional. Thereafter, no

later than two weeks after the date of entry of the Order, each Ordinary Course Professional shall

provide to the Debtors and the Debtors' counsel, for filing with the Court and service upon (a)

the U.S. Trustee; (b) counsel to the Unaffiliated Noteholders; (c) counsel to the Deerfield

Noteholders; and (d) counsel to any official committee appointed in the Chapter 11 Cases ((a)-

(d), together the "Notice Parties") a completed OCP Declaration substantially in the form

attached hereto as Exhibit B.

4.      The Notice Parties shall have twenty-one (21) days to object to the

retention of the Ordinary Course Professional in question. Any such objection must be filed with

the Court and served upon (a) the Ordinary Course Professional; (b) the Notice Parties; and (c)

counsel to the Debtors, on or before the Objection Period. If any such objection cannot be

resolved and withdrawn within twenty-one (21) days after service, the matter shall be scheduled

for hearing before this Court on the next regularly scheduled hearing date or other date otherwise

agreeable to the Ordinary Course Professional, the Debtors and the objecting party. If no

objection is received by the Objection Period or if an objection is withdrawn, the Debtors are

authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

5.       If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its retainer against any prepetition claims. Any sums remaining shall then be applied against postpetition fees subject to the monthly caps described below.

6.       The Debtors are authorized, without further hearing or order from this Court, to employ and retain Additional Ordinary Course Professionals, not currently listed on Exhibit A, without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a Supplement and serving a copy of the Supplement upon the Notice Parties.

7.       Each Additional Ordinary Course Professional should provide to the Debtors' and the Debtors' counsel the OCP Declaration within two weeks after the filing of the Supplement for filing with the Court and service upon the Notice Parties  The Notice Parties shall have twenty-one (21) days after service of the OCP Declaration to object (the "Objection Period") to the retention of the Additional Ordinary Course Professional in question. Objections to the retention of an Additional Ordinary Course Professional shall be handled in the same manner as objections to the retention of an Ordinary Course Professional. If no objection is submitted or the objection is withdrawn, the Debtors are authorized to retain the Additional Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

8.      The Debtors are authorized without formal application to the Court by any Ordinary Course Professional, to make monthly payments up to the Fee Cap (as defined below) for each Ordinary Course Professional in the manner customarily made by the Debtors upon receipt from the professional of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal rights to dispute such invoices). All invoices provided to the Debtors by the Ordinary Course Professionals shall include a breakdown, where practicable, of fees and expenses incurred on account of each individual debtor, or shall indicate that the fees and expenses are common to the Debtors. The manner in which each Ordinary Course Professional provides this breakdown may vary based on the Ordinary Course Professional's recordkeeping and invoicing systems, but the breakdown must be provided in a manner that provides equivalent information. Any objection to the payment of an invoice not resolved by the objection party and the applicable Ordinary Course Professional(s) shall be resolved by the Court on notice to all Notice Parties.

9.      Payments to Ordinary Course Professionals made pursuant to this order shall not exceed $50,000 per month on average over a three-month rolling basis per Ordinary Course Professional or $150,000 per any given three-month period per Ordinary Course Professional (each a "Fee Cap"), each without further order of this Court, unless the Notice Parties authorize a payment above the Fee Cap.

10.     If payments to an Ordinary Course Professional exceed a Fee Cap and the Notice Parties have not provided authorization to exceed such Fee Cap, such Ordinary Course Professional shall be required to apply, pursuant to Bankruptcy Code sections 330 and 331, for approval by the Court of all such professional's fees and disbursements for such three-month

4

period, but shall be entitled to an interim payment up to the amount of $150,000 as a credit against the fees and disbursements for such three-month period ultimately allowed by the Court.

11.     For each three-month period of the Chapter 11 Cases, by the last day of the month following each such three-month period, the Debtors shall file with the Court, and serve upon the Notice Parties, a statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a general description of the services rendered by such Ordinary Course Professional. The first payment summary shall cover the period from the Petition Date through January 31, 2015.

12.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any Ordinary Course Professional.

13.     The Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by any of the foregoing decretal paragraphs.

14.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

15.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Order.


Dated: Wilmington, Delaware
        _____, 2014


                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

### List of Ordinary Course Professionals

| Name of Ordinary Course Professional | Address | Service Provided to Debtors |
|---|---|---|
| ARNOLD & PORTER LLP | PO BOX 759451<br>BALTIMORE, MD 21275 | Legal |
| CADIENT GROUP, INC. | 2520 RENAISSANCE BOULEVARD, STE 100<br>KING OF PRUSSIA, PA 19406 | Medical Affairs Consulting |
| COOLEY LLP | 101 CALIFORNIA ST, 5TH FL<br>SAN FRANCISCO, CA  94111 | Legal |
| DLA PIPER LLP (US) | PO BOX 75190<br>BALTIMORE, MD  21275 | Legal |
| HOGAN LOVELLS US LLP | 555 THIRTEENTH ST NW<br>WASHINGTON DC  20004 | Legal |
| HUNTON & WILLIAMS, LLP | BANK OF AMERICA PLAZA, 600 PEACHTREE ST, N.E., STE 4100<br>ATLANTA, GA 30308 | Legal |
| JOELE FRANK, WILKINSON BRIMMER KATCHER | 622 THIRD AVE<br>NEW YORK, NY 10017 | Public Relations |
| KILPATRICK TOWNSEND & STOCKTON LLP | DEPT #34542, P.O. BOX 39000<br>SAN FRANCISCO, CA  94139 | Legal |
| KING & SPALDING, LLP | PO BOX 116133<br>ATLANTA, GA 30368 | Legal |
| MERCER (US) INC. | PO BOX 730212<br>DALLAS, TX 75373 | Advisory |
| NIXON PEABODY LLP | PO BOX 28012<br>NEW YORK, NY 10087 | Legal |
| PRICEWATERHOUSECOOPERS, LLP | PO BOX 514038<br>LOS ANGELES, CA  90051 | Advisory |
| REED SMITH, LLP | PO BOX 360110<br>PITTSBURGH, PA 15251 | Legal |
| SIDLEY AUSTIN LLP | PO BOX 0642<br>CHICAGO, IL  60690 | Legal |
| STOEL RIVES LLP | 900 SW FIFTH AVE, STE 2600<br>PORTLAND, OR 97204 | Legal |
| VINSON & ELKINS LLP | PO BOX 301019<br>DALLAS, TX 75303 | Legal |

**EXHIBIT B**
**OCP Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

In re:                                 :     Chapter 11
                                                         :

DENDREON CORPORATION, et al.,     :     Case No. 14-12515 (___)
                                                          :

                   Debtors.[1]        :     Joint Administration Pending
                                                              :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OCP DECLARATION**

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY DENDREON
CORPORATION, ET AL. (the "Debtors")

DO NOT FILE THIS DECLARATION WITH THE COURT.
RETURN IT TO THE DEBTORS AT:

       Skadden, Arps, Slate, Meagher & Flom LLP
       155 N. Wacker Dr., Ste. 2700
       Chicago, IL 60606
       Attn:  Felicia Gerber Perlman
       Email: Felicia.Perlman@skadden.com

If more space is needed, please complete on a separate page and attach.

I, _____, PURSUANT TO 28 U.S.C. § 1746, HEREBY DECLARE THAT THE
FOLLOWING IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND
BELIEF:

1.     Name and address of firm:

    _____

    _____

    _____

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

_____

2.      Date of retention:    _____

3.      Type of services provided (accounting, legal, etc.):

_____

_____

_____

_____

4.      Brief description of services to be provided:

_____

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

6.      Average hourly rate (if applicable):
        Estimated average monthly compensation based on prepetition retention (if firm was
        employed prepetition):

_____

7.      Prepetition claims against any of the Debtors held by the firm:

        Amount of claim:  $_____

        Date claim arose:  _____

        Source of claim:  _____

8.      Prepetition claims against any of the Debtors held individually by any member, associate
        or professional employee of the firm:

        Name:  _____

        Status:  _____

Amount of Claim:  $_____

Date claim arose:  _____

Source of claim:  _____

9.    Stock of any of the Debtors currently held by the firm:

Kind of shares:  _____

No. of shares:  _____

10.    Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:  _____

Status:  _____

Kind of shares:  _____

No. of shares:  _____

11.    Retainer held as of the Petition Date:

Amount of retainer:  $_____

The above-named firm holds no interest adverse to the Debtors or to their estates with respect to the matters on which the firm is to be employed, except as disclosed below.  (Provide nature and brief description of any such adverse interest.)

_____

_____

_____

_____

3

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: _____

|  |  |
|---|---|
| Name: | _____ |
| Title: | _____ |
| Company: | _____ |
| Address: | _____ |
|  | _____ |
| Telephone: | _____ |
| Facsimile: | _____ |

4