IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| DENDREON CORPORATION, <u>et al.</u>, | Case No. 14-12515 (PJW) |
| Debtors.[1] | Jointly Administered |
| | **Related Docket No. 17, 62, 124** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER (I) ESTABLISHING BIDDING PROCEDURES RELATING TO THE  SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (II) ESTABLISHING PROCEDURES FOR THE DEBTORS TO ENTER INTO STALKING HORSE AGREEMENT WITH BID PROTECTIONS IN CONNECTION WITH A SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (III) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS  AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (IV) APPROVING FORM AND MANNER OF NOTICE OF ALL PROCEDURES, PROTECTIONS, SCHEDULES AND AGREEMENTS, (V) SCHEDULING A HEARING TO CONSIDER THE PROPOSED SALE; AND (VI) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for an order (the "<u>Order</u>") (i) approving the proposed auction and bidding procedures, which are attached as <u>Exhibit 1</u> hereto (the "<u>Bidding Procedures</u>"), for the potential sale of all or substantially all of the Debtors' non-cash assets (the "<u>Acquired Assets</u>"); (ii) establishing procedures (the "<u>Stalking Horse Procedures</u>") for the Debtors to enter into a stalking horse agreement (a "<u>Stalking Horse Agreement</u>") containing bid protections with respect to any stalking horse bidder (a "<u>Stalking</u>

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion, the Bidding Procedures or the Acquisition Agreement.

Horse Bidder"); (iii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "Assumption and Assignment Procedures"); (iv) approving the form and manner of notice of all procedures, protections, schedules and agreements; and (v) scheduling a hearing (the "Sale Hearing") to approve such sale (the "Sale Transaction"); and this Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion (the "Bidding Procedures Hearing"); and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

## FOUND, CONCLUDED AND DETERMINED THAT:[3]

A.       This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365 and 503.  Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006 and 9014.

B.       The relief granted herein is in the best interests of the Debtors, their estates and other parties in interest.

---

[3]     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Bidding Procedures, (ii) approve the Stalking Horse Procedures, (iii) approve the Break-Up Fee and Expense Reimbursement Amount (together, the "Bid Protections"), (iv) approve the Assumption and Assignment Procedures, (v) approve the form and manner of notice of the Motion, the Auction and the Sale Hearing and (vi) set the date of the Auction and the Sale Hearing.

D.    Due, sufficient, and adequate notice of the Bidding Procedures Hearing and the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is required. The Debtors' notice of the Motion, the proposed entry of this Order, the Bidding Procedures, the Stalking Horse Procedures, the Bid Protections, the Assumption and Assignment Procedures, the Auction and the Bidding Procedures Hearing is appropriate and reasonably calculated to provide all interested parties with timely and proper notice under Bankruptcy Rules 2002, 4001, 6004 and 6006, and no other or further notice of, or hearing on, the Motion or this Order is required.

E.    The Debtors' proposed notices of (i) the Sale Transaction, (ii) the assumption and assignment of, and Cure Amounts (as defined below) for, the executory contracts and unexpired leases to be assumed and assigned to any Successful Bidder, (iii) the Successful Bidder and (iv) the Bidding Procedures, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of each, and no further notice of, or hearing on, each is necessary or required.

F.    The Bidding Procedures, substantially in the form attached hereto, and incorporated herein by reference as if fully set forth in this Order, are fair, reasonable and

3

appropriate, and represent the best method for maximizing the value of the Debtors' estates in connection with the sale.

G.      The Debtors have demonstrated a compelling and sound business justification for approving the Bid Protections under the circumstances and timing set forth in the Motion.

H.      The Bid Protections, to the extent applicable and payable, (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) are of substantial benefit to the Debtors' estates (iii) are reasonable and appropriate, including in light of the size and nature of the Sale Transaction and the efforts that would be expended by any Stalking Horse Bidder and (iv) enable the Debtors to promote a sale of the Acquired Assets with the greatest benefit to the estate

I.      The Assumption and Assignment Procedures are reasonable and appropriate.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the Bidding Procedures Hearing, are hereby overruled.

3.      The Bidding Procedures, as attached hereto, are approved.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

## Procedures for Designation of a Stalking Horse Bidder

4.      The Debtors, in consultation with the Consultation Parties, may select a Stalking Horse Bidder for the Acquired Assets for the purposes of establishing a minimum acceptable bid with which to begin the Auction (the "Stalking Horse Bid") and provide such Stalking Horse Bidder with the Bid Protections; provided that no insider or affiliate of the Debtors shall be entitled to any Bid Protections; and provided further that (a) the Debtors have provided five business days' notice to the Official Committee of Unsecured Creditors (the "Committee"), the Supporting Noteholders, the United States Trustee and those parties who have filed the appropriate notice pursuant to Bankruptcy Rule 2002 requesting notice of all pleadings filed in the Chapter 11 Cases (the "Stalking Horse Notice Parties"), with no further notice being required, of such Stalking Horse Bid and provision of Bid Protections (the "Stalking Horse Objection Period"), and (b) the Court has entered an order approving the Bid Protections following expiration of the Stalking Horse Objection Period (x) upon certification of counsel if no objection from any of the Stalking Notice Parties has been received within the Stalking Horse Objection Period or (y) after an emergency hearing if an objection from any of the Stalking Horse Notice Parties has been received within the Stalking Horse Objection Period.  The Debtors shall have until December 29, 2014 (the "Stalking Horse Deadline") to select a Qualified Bid of a Qualified Bidder to be a Stalking Horse Bid.  The Debtors shall finalize a purchase agreement with a Stalking Horse Bidder (the "Stalking Horse Agreement") by no later than the Stalking Horse Deadline.  Within one (1) day following the Stalking Horse Deadline the Debtors shall file with the Bankruptcy Court a notice (the "Stalking Horse Notice") of such Stalking Horse Bid and a copy of the Stalking Horse Agreement.  The Debtors shall serve such Stalking Horse Notice on (i) all entities known to have expressed an interest in a transaction with respect to the Acquired

Assets during the past twelve (12) months, (ii) all entities known to have asserted any lien, claim, interest or encumbrance in or upon any of the Acquired Assets, (iii) counsel to each of the Supporting Noteholders, (iv) counsel to the Committee, and (v) counsel to any other official committee appointed in the Chapter 11 Cases.

5.      Pursuant to Bankruptcy Code sections 105, 363 and 503, the Debtors are hereby authorized to pay the Bid Protections pursuant to the procedures set forth herein and in the Bidding Procedures, and the Bid Protections are hereby approved.

6.      Prior to the payment of any Expense Reimbursement Amount due to a topped Stalking Horse Bidder, such topped Stalking Horse Bidder must provide a reasonably detailed statement of such Expense Reimbursement Amount to the following parties: (1) the Debtors, care of Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention: Robert L. Crotty (rcrotty@dendreon.com); (2) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attention: Ken Ziman, Esq. (ken.ziman@skadden.com), and Graham Robinson, Esq. (graham.robinson@skadden.com); Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chigaco, IL, 60606, Attention:  Felicia Perlman, Esq. (felicia.perlman@skadden.com); and Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attention: Sarah E. Pierce (sarah.pierce@skadden.com); (3) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: David Buchbinder; (4) proposed counsel to the Committee, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004-2498, Attention: Michael H. Torkin (torkinm@sullcrom.com) and Krishna Veeraraghavan (Veeraraghavank@sullcrom.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington,

Delaware 19801, Attention: Pauline K. Morgan (pmorgan@ycst.com); (5) counsel to the

Unaffiliated Noteholders, Brown Rudnick LLP,  Attn: Steven D. Pohl

(spohl@brownrudnick.com); and (6) counsel to the Deerfield Noteholders, Willkie Farr &

Gallagher LLP, Attn: John C. Longmire (jlongmire@willkie.com).  If no objection is received

within ten (10) days of the service of such statement, the Debtors shall be authorized to pay the

requested Expense Reimbursement Amount.

### The Bid Deadline

7.      Qualified Bids must be received in writing, **on or before January 27,**

**2015 at 5:00 p.m. (prevailing Eastern Time)** or such earlier date as may be agreed to by each

of the Debtors and the Consultation Parties (the "Bid Deadline"): (1) the Debtors, care of

Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention:

Robert L. Crotty (rcrotty@dendreon.com); (2) counsel for the Debtors, Skadden, Arps, Slate,

Meagher & Flom LLP, Four Times Square, New York, NY 10036, Attention: Ken Ziman, Esq.

(ken.ziman@skadden.com), and Graham Robinson, Esq. (graham.robinson@skadden.com);

Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chigaco, IL, 60606,

Attention:   Felicia Perlman, Esq. (felicia.perlman@skadden.com); and Skadden, Arps, Slate,

Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801,

Attention: Sarah E. Pierce (sarah.pierce@skadden.com); (3) financial advisor to the Debtors,

Lazard Frères & Co. LLC, 30 Rockefeller Plaza, New York, NY  10020, Attention:  Sven

Pfeiffer (sven.pfeiffer@lazard.com) and Brandon Aebersold (brandon.aebersold@lazard.com);

(4) proposed counsel to the Committee, Sullivan & Cromwell LLP, 125 Broad Street, New York,

NY 10004-2498, Attention: Michael H. Torkin (torkinm@sullcrom.com) and Krishna

Veeraraghavan (Veeraraghavank@sullcrom.com) and Young Conaway Stargatt & Taylor, LLP,

Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attention: Pauline K.

Morgan (pmorgan@ycst.com); and (5) counsel to the Unaffiliated Noteholders, Brown Rudnick

LLP,  Attn: Steven D. Pohl (spohl@brownrudnick.com).  The Debtors shall provide a copy of

each Bid received to counsel to any Supporting Noteholder that (i) does not submit a Qualified

Bid, and (ii) has confirmed in writing that it will not be providing financing to, or otherwise

directly or indirectly participating in a bid submitted by, any Qualified Bidder who has submitted

a Qualified Bid.

### Notice of the Sale Transaction and the Sale Hearing

   8. Within five (5) Business Days after the entry of this Order, or as soon

thereafter as practicable (the "Mailing Date"), the Debtors (or their agents) shall serve the

Motion, this Order and the Bidding Procedures by first-class mail, postage prepaid, upon (a) all

entities known to have expressed an interest in a transaction with respect to some or all of the

Acquired Assets at any time; (b) all entities known to have asserted any lien, claim, interest or

encumbrance in or upon any of the Acquired Assets; (c) all federal, state and local regulatory or

taxing authorities or recording offices which have a reasonably known interest in the relief

requested by this Motion; (d) the United States Attorney's office; (e) the Securities and Exchange

Commission; (f) the Internal Revenue Service; (g) counsel to any official committee appointed in

the Chapter 11 Cases; (h) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP,  Attn:

Steven D. Pohl; (i) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, Attn:

John C. Longmire; (j) proposed counsel to the Committee, Sullivan & Cromwell, LLP, Attn:

Michael H. Torkin and Krishna Veeraraghavan and Young Conaway Stargatt & Taylor, LLP,

Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attention: Pauline K.

Morgan; (k) the indenture trustee under the 2016 Notes; (l) the parties included on the Debtors'

list of twenty (20) largest unsecured creditors; and (m) those parties who have filed the appropriate notice requesting notice of all pleadings filed in the Chapter 11 Cases.

9.      On the Mailing Date or as soon thereafter as practicable, the Debtors (or their agents) shall serve by first-class mail, postage prepaid, the Sale Notice upon all other known creditors of the Debtors.

10.      The Debtors shall publish notice of the proposed Sale Transaction in *The Wall Street Journal* on the Mailing Date or as soon as practicable thereafter.  Such publication notice shall be deemed sufficient and proper notice of the Sale Transaction to any other interested parties whose identities are unknown to the Debtors.

11.      Within one (1) day following the Stalking Horse Deadline the Debtors shall file with the Bankruptcy Court either the Acquisition Agreement Notice or the Stalking Horse Notice, as applicable.

12.      As soon as possible after the Bid Deadline the Debtors shall file, but not serve, a notice indicating whether the Auction will be held, and if applicable, the date and time of the Auction (the "Auction Notice"). If the Auction will not be held the Auction Notice will also provide notice of the cancellation of the Sale Hearing.

13.      As soon as possible after the conclusion of the Auction the Debtors shall file, but not serve, a notice identifying any Successful Bidder, and indicating whether the Sale Hearing will be held.

14.      The Sale Hearing to approve the Sale of the Acquired Assets shall be held on February 3, 5, 2015 at 9:30a.m. (Prevailing Eastern Time).

15.     Objections, if any to the sale of the Acquired Assets to a Successful Bidder or Stalking Horse Purchaser must be filed and served on counsel for the Debtors by January 27, 2015 at 10:00 a.m. (Prevailing Eastern Time).

16.     The Debtors will be deemed to have accepted a 363 Bid only when the 363 Bid has been approved by the Bankruptcy Court at the Sale Hearing.

### The Auction

17.     The Debtors are authorized to conduct an auction (the "Auction") with respect to the Acquired Assets. The Auction shall take place **on or before February 3, 2015 at 10:00 a.m. (prevailing Eastern Time)** at the offices of counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, or such other place and time as the Debtors shall notify all Qualified Bidders, the Unaffiliated Noteholders and their counsel, the Committee and its counsel, and any other official committee appointed in the Debtors' chapter 11 cases and its counsel.  The Debtors are authorized, subject to the terms of this Order, to take actions reasonably necessary, in the discretion of the Debtors, to conduct and implement the Auction.

18.     Any creditor shall be permitted to attend the Auction.  Only the Qualified Bidders (including the Stalking Horse Bidder, if any), or such other parties as the Debtors shall determine, in consultation with the Consultation Parties, will be entitled to make any Bids at the Auction.  The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed. Each Qualified Bidder (including the Stalking Horse Bidder, if any) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the assets described herein, (b) has reviewed, understands and accepts the Bidding Procedures and (c) has consented to the core jurisdiction of this Court and to

10

the entry of a final order by this Court on any matter related to this Order, the Sale Transaction or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

19.      Subject to the rights of parties in interest to (i) challenge the sale or the sale process, (ii) challenge the Debtors' decisions with respect to the sale process and (iii) argue that such decisions are not governed by the "business judgment" standard, or (iv) such other rights as such parties may have under applicable law, the Debtors may, after consultation with the Consultation Parties, (I) select, in their business judgment, pursuant to the Bidding Procedures, the highest or otherwise best offer(s) and the Successful Bidder or Bidders, and (II) reject any bid that, in the Debtors' business judgment, is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Bidding Procedures or (c) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties-in-interest.

20.      The failure to specifically include or reference any particular provision, section or article of the Bidding Procedures in this Order shall not diminish or impair the effectiveness or such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

## Assumption and Assignment Procedures

21.      The Assumption and Assignment Procedures are APPROVED.

22.      Within ten (10) business days after the entry of this Order, the Debtors shall file with this Court and serve on each party to an Assigned Contract a Cure Notice that shall (i) state the cure amounts that the Debtors believe are necessary to assume such Assigned Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amount"); (ii) notify the

11

non-Debtor party that such party's contract or lease may be assumed and assigned to a purchaser of the Acquired Assets at the conclusion of the Auction; (iii) state the date of the Sale Hearing and that objections to any Cure Amount or to assumption and assignment will be heard at the Sale Hearing or at a later hearing, as determined by the Debtor; and (iv) state a deadline by which the non-Debtor party shall file an objection to the Cure Amount or to the assumption and assignment of the Assigned Contracts; provided, however, that the inclusion of a contract, lease or agreement on the Cure Notice shall not constitute an admission that such contract, lease or agreement is an executory contract or lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts, leases and agreements listed on the Cure Notice. If the Debtors enter into a Stalking Horse Agreement with a Stalking Horse Bidder, the Stalking Horse Notice shall set forth any additional executory contracts to be included in the Acquired Assets, as defined in such Stalking Horse Agreement, and such contracts will be deemed the Assigned Contracts.

23.    The Debtors' inclusion of an executory contract or unexpired lease as an Assigned Contract on the Cure Notice or the Stalking Horse Notice shall not be a guarantee that such executory contract or unexpired lease will ultimately be assumed and assigned to the Successful Bidder.  Should it be determined that an Assigned Contract will not be assumed and assigned the Debtors shall notify such party to the Assigned Contract in writing of such decision.

24.    Any objection to the Cure Amount or to assumption and assignment must be filed with the Court on or before twenty (20) days after the filing of the Cure Notice (the "Cure Objection Deadline") and served on: (1) the Debtors, care of Dendreon Corporation, 200 Crossing Boulevard, Bridgewater, New Jersey 08807, Attention: Robert L. Crotty (rcrotty@dendreon.com); (2) counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom

LLP, Four Times Square, New York, NY 10036, Attention: Ken Ziman, Esq. (ken.ziman@skadden.com), 155 N. Wacker Drive, Chicago, IL, 60606, Attention: Felicia Perlman, Esq. (felicia.perlman@skadden.com), and 500 Boylston Street, Boston, MA 02116, Attention: Graham Robinson, Esq. (graham.robinson@skadden.com); (3) financial advisor to the Debtors, Lazard Frères & Co. LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: Sven Pfeiffer (sven.pfeiffer@lazard.com) and Brandon Aebersold (brandon.aebersold@lazard.com); (4) counsel to the Unaffiliated Noteholders, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attention: Steven D. Pohl, Esq. (spohl@brownrudnick.com); (5) counsel to the Deerfield Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019, Attention: John C. Longmire (jlongmire@willkie.com), (6) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attention: David Buchbinder, and (7) proposed counsel to the Committee, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004-2498, Attention: Michael H. Torkin (torkinm@sullcrom.com) and Krishna Veeraraghavan (Veeraraghavank@sullcrom.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, Delaware 19801, Attention: Pauline K. Morgan (pmorgan@ycst.com).  Any such objection must (i) be in writing; (ii) state the basis for such objection; and (ii) state with specificity what cure amount the party to the Assigned Contract believes is required (in all cases with appropriate documentation in support thereof).  If a Successful Bidder other than a Stalking Horse Bidder prevails at the Auction, then the deadline to object to adequate assurance shall be extended to the date of the Sale Hearing, but any such objection must be received before the start of the Sale Hearing; provided, however, that the deadline to object to the Cure Amount shall not be extended.

25.     If the Successful Bid at the Auction is a Bid to acquire the assets pursuant to Section 363 of the Bankruptcy Code, as soon as possible after the conclusion of the Auction, the Debtors shall file with the Bankruptcy Court a Sale Hearing Notice that identifies any Successful Bidder and provides notice that the Debtors will seek to assume and assign the Assigned Contracts at the Sale Hearing.  At the Sale Hearing, the Debtors shall (i) present evidence necessary to demonstrate adequate assurance of future performance by the Successful Bidder and (ii) request entry of an order granting approval of the assumption and assignment of any Assigned Contracts to the Successful Bidder.

26.     Unless a non-Debtor party to any executory contract or unexpired lease, including an unexpired real property lease, files an objection to the Cure Amount by the Cure Objection Deadline, such counterparty shall be (i) forever barred from objecting to the Cure Amount and (ii) forever barred and estopped from asserting or claiming any Cure Amount, other than the Cure Amount listed on the Cure Notice against the Debtors, any Successful Bidder or any other assignee of the relevant contract.

27.     To the extent that a non-Debtor counterparty to an Assigned Contract was not provided with a Cure Notice (any such contract or lease a "Previously Omitted Contract"), the Debtors will notify the Successful Bidder within three Business Days (as defined in the Acquisition Agreement) of the omission.  The Debtors shall serve a notice (the "Previously Omitted Contract Notice") to the counterparties to the Previously Omitted Contract indicating the Debtors' intent to assume and assign the Previously Omitted Contract.  The counterparties will have fourteen (14) days to object to the Cure Amount or the assumption.  If the parties cannot agree on a resolution, the Debtors will seek an expedited hearing before the Court to determine the Cure Amount and approve the assumption.  If there is no objection, then the

counterparties will be deemed to have consented to the assumption and assignment and the Cure

Amount, and such assumption and assignment and the Cure Amount shall be deemed approved

by the Sale Order without further order of this Court.

28.     The Debtors shall file a notice with the Court listing the Assigned

Contracts, if any, that the Debtors have determined not to assume, prior to the Sale Hearing.

## Related Relief

29.     Any obligations of the Debtors set forth in the Acquisition Agreement that

are intended to be performed prior to the Sale Hearing and/or entry of the Sale Order are

authorized as set forth herein.

30.     The Debtors are hereby authorized and empowered to take such actions as

may be reasonably necessary to implement and effect the terms and requirements established this

Order.

31.     To the extent the Committee believes that the Debtors are not complying

in any material respect with their requirements under the Bidding Procedures and the parties

cannot agree on a resolution within two Business Days of the Committee providing notice to the

Debtors of such noncompliance, the Committee may seek an expedited hearing before this Court

to resolve the dispute on not less than five days' notice to the Debtors, the other Consultation

Parties and the United States Trustee.

32.     This Order shall constitute findings of fact and conclusions of law and

shall take effect immediately upon execution hereof.

33.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h),

6006(d), 7052, 9014 or otherwise, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

15

34.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Bid Protections, the Acquisition Agreement, the Bidding Procedures and the implementation of this Order.

Dated:  Wilmington, Delaware
*Dec 17* 2014

_____
Honorable Peter J. Walsh
UNITED STATES BANKRUPTCY JUDGE