**EXHIBIT B**

**Redline Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| DENDREON CORPORATION, et al., | : | Case No. 14-12515 (PJW) |
| Debtors.[1] | : | ~~Joint Administration Pending~~Jointly Administered |

**Related Docket Nos. 20, 164, 167, 173, 174**

## ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME PLAN SUPPORT AGREEMENTS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") pursuant to Bankruptcy Code sections 105(a), 363 and 365(a), and Bankruptcy Rules 6004 and 6006, authorizing, but not directing the Debtors to (a) assume the Plan Support Agreements and (b) pay the Transaction Expenses in connection with the Plan Support Agreements, and upon the First Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**FOUND, CONCLUDED AND DETERMINED THAT:**[3]

  A. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105(a), 363 and 365(a), and Bankruptcy Rules 6004 and 6006.

  B. The Debtors assumption of the Plan Support Agreements and the payment of the Transaction Expenses in connection therewith are within their sound business judgment.

  C. Following its formation, the Official Committee of Unsecured Creditors (the "Creditors' Committee") raised certain concerns and potential objections to the assumption of the original plan support agreements (the "Original Plan Support Agreements").  The Debtors, the Supporting Noteholders and the Creditors' Committee negotiated in good faith the resolution of those concerns and objections as reflected on the Settlement Term Sheet attached hereto as Exhibit A.  The parties, through counsel, have executed and delivered the Settlement Term Sheet intending to be bound by the terms thereof.  The Debtors and the Supporting Noteholders have also entered into Amended and Restated Plan Support Agreements (the "Plan Support Agreements"), attached hereto as Exhibit B and Exhibit C to reflect the incorporation of those provisions of the Plans Support Agreements that amend or modify the Original Plan Support Agreements' terms.

  D. On December 10, 2014 the United States Trustee filed an objection to the Motion (Docket No. 167).  Based upon the Courts consideration of (a) the Motion, (b) the

---

[3]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

objection to the Motion and (c) the arguments of counsel made, and the evidence proffered or adduced at the hearing on the Motion, the objection is hereby overruled.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Objections that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, hereby are denied and overruled on the merits with prejudice.

3. The Debtors are authorized to assume each of the Plan Support Agreements, and the Plan Support Agreements shall be assumed as of the date hereof.

4. The failure to describe specifically or include any particular provision of the Plan Support Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan Support Agreements be assumed by the Debtors in their entirety.

5. The Debtors shall pay the Transaction Expenses in accordance with the terms of the Plan Support Agreements. To the extent any, as modified herein. The Supporting Noteholders seeking reimbursement (or the professional seeking payment) of reasonable Transaction Expenses were incurred prepetition and remain unpaid as of the date hereof, the shall submit invoices therefor to the Debtors (Attn: Robert Crotty, Esq. with a copy to counsel for the Debtors, Attn: Raquelle Kaye, Esq.), with a copy to counsel to the Creditors' Committee and the Office of the United States Trustee. The Debtors shall pay such reasonable Transaction Expenses in the ordinary course of within fifteen (15) business. None of the days of receipt of such invoice unless an objection thereto has been filed to the reasonableness thereof with the Court by the

3

Creditors' Committee or the United States Trustee within ten (10) business days of such parties' receipt of the applicable invoices; provided that the Debtors shall pay those Transaction Expenses shall benot subject to further approval of the Court andany such objection within fifteen (15) business days of receipt of the applicable invoice. Subject to the next following sentence, no recipient of any Transaction Expenses shall be required to file any interim or final fee application with the Court as a condition precedent to the Debtors' obligation to pay Transaction Expenses., provided however, that this Order does not supercede the Order Pursuant to 11 U.S.C. §§105(a) and 331 Establishing Interim Compensation Procedures dated December 9, 2014 at Docket Entry 153 ("Interim Compensation Order"); and, to the extent that a professional is or may become subject to the Interim Compensation Order, the provisions of such order shall apply.  Notwithstanding anything to the contrary contained in the Plan Support Agreements, in the event that the Court enters an order appointing a fee examiner in these cases, the scope of any such fee examiner's review, if any, of the Transaction Expenses shall be set as forth in such order. All parties in interest shall have a right to be heard in connection with the appointment of any fee examiner.

      6.     Except as otherwise provided on <u>Exhibit A</u>, the Plan Support Agreements shall be solely for the benefit of the parties thereto and no other person or entity shall be a third party beneficiary hereof. No entity, other than the Supporting Noteholders and the Debtors, shall have any right to seek or enforce specific performance of the Plan Support Agreements.

      7.     Notwithstanding anything to the contrary herein, nothing in this Order shall prevent the Debtors from taking or failing to take any action that it is obligated to take (or not take, as the case may be) in the performance of any fiduciary duty under applicable law.

8. To the extent, as a matter of law, the United States Trustee has a right to seek disgorgement of any fees paid hereunder, the United States Trustee's assent to this Order will not impair any such right.  Nothing in this Order is intended to, nor shall it, provide an independent ground, not already available under applicable law, to any party to obtain disgorgement of any fees paid hereunder.

~~8~~9. For the avoidance of doubt, this Order shall not constitute Court approval of the terms of any plan of reorganization of the Debtors.

~~9~~10. Notice of the Motion as provided therein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules.

~~10~~11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006, this Order shall be immediately effective and enforceable upon its entry.

~~11~~12. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

~~12~~13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

~~13~~14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware

_____, 2014

_____
Honorable Peter J. Walsh
UNITED STATES BANKRUPTCY JUDGE

1130571-NYCSR03A - MSW
Redline Dendreon - PSA Order 1130571v10 and Dendreon - PSA Order 1130571v13  12/23/2014 12:29:13 PM