**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|   |   |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DENDREON CORPORATION, <u>et al.</u>, | : Case No. 14-12515 (PJW) |
| | : |
| Debtors. [1] | : Jointly Administered |
| | : |
| | : **Objection Deadline:  January 20, 2015 at 4:00 p.m. (ET)** |
| | : **Hearing Date:  February 5, 2015 at 9:30 a.m. (ET)** |
| | : |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS
<u>COUNSEL TO THE COMMITTEE, *NUNC PRO TUNC* TO NOVEMBER 19, 2014</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in

the cases of the above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), hereby

moves this Court for entry of an order, pursuant to sections 328, 330, and 1103 of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the retention and

employment of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>" or the "<u>Firm</u>") as

co-counsel for the Committee effective as of November 19, 2014 (the "<u>Application</u>").  The facts

and circumstances supporting this Application are set forth herein, in the declaration of Pauline

K. Morgan (the "<u>Morgan Declaration</u>"), which is attached hereto as <u>Exhibit A</u>, and in the

Declaration of Jordana G. Schwartz (the "<u>Schwartz Declaration</u>"), which is attached hereto as

---

[1]     The Debtors and the last four digits of their respective federal tax identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598), and Dendreon Manufacturing, LLC (7123).  The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

<u>Exhibit B</u>.  In further support of this Application, the Committee respectfully represents as follows:

<u>**JURISDICTION AND VENUE**</u>

1.　　　This Court has jurisdiction over the subject matter of the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.　　　The statutory predicates for the relief requested herein are sections 328, 330, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

<u>**BACKGROUND**</u>

3.　　　On November 10, 2014 (the "<u>Petition Date</u>"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have continued to operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.　　　On November 19, 2014, the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>") held an organizational meeting of creditors.  On that same date, the U.S. Trustee appointed the Committee pursuant to section 1102(a) of the Bankruptcy Code.  The Committee consists of the following members: American Red Cross; Document Technologies, LLC; New York Blood Center, Inc.; Piedmont–Bridgewater NJ, LLC; and GlaxoSmithKline LLC.

2

5.      On November 19, 2014, the Committee selected Sullivan & Cromwell LLP ("<u>Sullivan & Cromwell</u>") and Young Conaway as its bankruptcy counsel, pursuant to section 1103 of the Bankruptcy Code and subject to this Court's approval.

6.      The Committee selected Young Conaway because of the firm's extensive experience in and knowledge of business reorganizations under chapter 11 of the Bankruptcy Code, and because of Young Conaway's experience and expertise in practicing before this Court. The Committee considered the requests for retention made by various law firms and interviewed such firms before selecting Young Conaway as its counsel.  Consistent with the foregoing, the Committee believes that it had sufficient information to make an informed decision to retain and employ Young Conaway.

## **<u>RELIEF REQUESTED</u>**

7.      By this Application, the Committee requests entry of an order, pursuant to sections 328, 330, and 1103 of the Bankruptcy Code, approving the employment and retention of Young Conaway as co-counsel to the Committee, effective as of November 19, 2014.

8.      Young Conaway seeks to render the following services, among others, on behalf of the Committee:

a.   to consult with the Committee, the Debtors, and the U.S. Trustee concerning the administration of these chapter 11 cases;

b.   to review, analyze and respond to pleadings filed with this Court by the Debtors and to participate at hearings on such pleadings;

c.   to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses, and any matters relevant to these chapter 11 cases in the event, and to the extent, required by the Committee;

d.   to work cooperatively with the Debtors and their advisors to research and consider all opportunities to maximize value for the Debtors' estates, including the potential pursuit of a sale of substantially all of the Debtors' assets;

e.  to take all necessary action to protect the rights and interests of the Committee, including, but not limited to, negotiations and preparation of documents relating to any plan of reorganization and disclosure statement;

f.  to generally prepare on behalf of the Committee all necessary motions, applications, answers, orders, reports, and papers in support of positions taken by the Committee;

g.  to appear, as appropriate, before this Court, and to protect the interests of the Committee before this Court;

h.  to represent the Committee in connection with the exercise of its powers and duties under the Bankruptcy Code and in connection with these chapter 11 cases; and

i.  to perform all other necessary legal services in connection with these chapter 11 cases.

9.      By separate applications, the Committee is asking the Court to approve the retention of Sullivan & Cromwell as bankruptcy co-counsel, Deloitte Financial Advisory Services LLP as financial advisor and Centerview Partners as investment banker.  In addition, the Committee may also file motions or applications to employ additional professionals.

10.      To avoid any duplication of efforts, Sullivan & Cromwell and Young Conaway have discussed, and will continue to discuss, each firm's respective responsibilities in connection with representation of the Committee.

## BASIS FOR RELIEF REQUESTED

11.      Section 328(a) of the Bankruptcy Code provides that a statutory committee may employ attorneys on any reasonable terms and conditions.  See 11 U.S.C. § 328(a).  The Committee believes that Young Conaway is well qualified to act as its co-counsel in these chapter 11 cases.  The Committee believes that Young Conaway has the necessary background to deal effectively with the many potential legal issues and problems that may arise in these chapter 11 cases.

4

12. Compensation will be payable to Young Conaway on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Young Conaway. The principal attorneys and paralegal presently designated to represent the Committee and their current standard hourly rates are:

|   |   |   |
|---|---|---|
| a. | Pauline K. Morgan | $765 per hour |
| b. | M. Blake Cleary | $670 per hour |
| c. | Sean T. Greecher | $475 per hour |
| d. | Maris J. Kandestin | $430 per hour |
| e. | Norah M. Roth-Moore | $290 per hour |
| f. | Debbie Laskin | $240 per hour |

13. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, upon prior notice to the Committee.[2] Other attorneys and paralegals from Young Conaway may from time to time also serve the Committee in connection with the matters described herein.

14. The Committee has been advised that the hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. The Committee has been advised by Young Conaway that it is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Young Conaway to outside copying services for

---

[2]     Effective January 1, 2015, these rates will be increased as a matter of ordinary practice.

use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  Young Conaway will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  Young Conaway believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15.     Young Conaway has represented to the Committee that Young Conaway intends to apply to the Court for allowance of compensation for professional services rendered in connection with these chapter 11 cases based on its customary hourly rates then in effect, and to request reimbursement of expenses, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including any applicable administrative orders entered by the Court.

16.     As set forth in the Morgan Declaration, Young Conaway has not shared or agreed to share any of its compensation in this case with any other person, other than as permitted by section 504 of the Bankruptcy Code.

17.     Young Conaway has advised the Committee that neither Young Conaway nor any partner, counsel, or associate thereof holds or represents any interest adverse to the Committee in the matters upon which Young Conaway is to be employed, except as may be set forth in the Morgan Declaration.

18.     In the event that Young Conaway discovers any connections with any party in interest in the Debtors' chapter 11 cases, or any information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Young Conaway shall promptly disclose such connections and information to the Court in a supplement to the Morgan Declaration.

6

19.     At the request of the Committee, Young Conaway has rendered services from November 19, 2014, following the Committee's selection of Young Conaway to represent the Committee, through and including the date hereof.  Accordingly, the Committee requests that the retention of Young Conaway be authorized effective as of November 19, 2014.

## NOTICE

20.     Notice of this Application has been given to:  (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the indenture trustee for the Debtors' 2.875% Convertible Senior Notes due 2016; (d) counsel to the Deerfield Noteholders; (e) counsel to the Unaffiliated Noteholders; and (f) any other parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an Order substantially in the form attached hereto as Exhibit C authorizing the Committee to retain and employ the law firm of Young Conaway, effective as of November 20, 2014, and grant such other and further relief as this Court deems just.

Young Conaway Retention Application

Dated:  December 19, 2014

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF DENDREON CORPORATION, ET AL.

New York Blood Center, Inc. solely in its capacity as Chair
of the Committee and not in its individual capacity,

By: Jordana Schwartz

8