IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
DENDREON CORPORATION, et al.,             :    Case No.  14-12515 (LSS)
                                          :
            Debtors. [1]                   :    Jointly Administered
                                          :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR ORDER PURSUANT TO 11 U. S. C. §§ 102 AND 105, FED. R. BANKR. P. 2002 AND 9006(c) AND DEL. BANKR. L.R. 9006-1(e) SHORTENING NOTICE RELATING TO DEBTORS' EMERGENCY MOTION FOR ORDER (A) APPROVING STALKING HORSE BIDDER AND AUTHORIZING BID PROTECTIONS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) RESCHEDULING THE HEARING TO APPROVE SUCH SALE AND (C) GRANTING RELATED RELIEF**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[2] hereby move (this "Motion to Shorten") this Court for entry of an order under sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") providing that the notice period for the Debtors' Emergency Motion For Order (A) Approving Stalking Horse Bidder and Authorizing Bid Protections in Connection With the Sale of Substantially All of the Debtors'

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

[2]   Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stalking Horse Motion or the Sale Motion, as applicable.

Assets, (B) Rescheduling the Hearing to Approve Such Sale and (C) Granting Related Relief (the "Stalking Horse Motion") be shortened as permitted by Local Bankruptcy Rule 9006-1(e) to permit a hearing on the Stalking Horse Motion on February 5, 2015 at 9:30 a.m. (Eastern Time). In support of this Motion to Shorten, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 102(1) and 105 of title 11 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 9006 and 9007, and Local Bankruptcy Rule 9006-1.

3.      Pursuant to Rule 9013-1(f) of the Local Bankruptcy Rules, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On November 10, 2014 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

6.     On November 19, 2014, the Office of the United States Trustee (the "U. S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") in the Chapter 11 Cases pursuant to Bankruptcy Code section 1102. No trustee or examiner has been appointed in the Chapter 11 Cases.

## RELIEF REQUESTED

7.     By this Motion to Shorten, the Debtors request entry of an order shortening the notice period for the Stalking Horse Motion so that it can be heard at the omnibus hearing scheduled for February 5, 2015 at 9:30 a.m. (Eastern Time).

## BASIS FOR RELIEF

8.     In accordance with Bankruptcy Rule 2002(a)(2), the Debtors would be required to provide twenty-one (21) days' notice of the Stalking Horse Motion to the parties in interest specified by Local Bankruptcy Rule 2002-1(b). See Fed. R. Bankr. P. 2002(a)(2); see also Del. Bankr. L.R. 9006-1(c). However, Local Bankruptcy Rule 9006-1(e) provides that the Court may shorten this notice period "on written motion . . . specifying the exigencies justifying shortened notice." See Del. Bankr. L.R. 9006-1(e); see also Fed. R. Bankr. P. 9006(c)(1) (permitting Court to order time periods set by the Bankruptcy Rules to be reduced "for cause shown"). For the reasons set forth below, the Debtors believe that the shortened notice requested by this Motion to Shorten is appropriate.

9.     As set forth in greater detail in the Stalking Horse Motion, the Debtors seek approval of Valeant Pharmaceuticals International, Inc. ("Valeant") as the Stalking Horse Bidder in connection with the sale of substantially all of the Debtors' assets (the "Sale") and payment of the Bid Protections in connection therewith pursuant to the Bidding Procedures Order. The Debtors also seek to reschedule the Sale Hearing in connection with the Sale.

10.    The Debtors, with the assistance of their advisors, have worked diligently postpetition to secure the highest and best bid for their assets pursuant to the Bidding Procedures Order. The Stalking Horse Deadline established by the Bidding Procedures Order passed without the Debtors selecting a stalking horse bidder. Since that time, however, Valeant has determined that it would like to proceed as the Stalking Horse Bidder and the Debtors believe that establishing a Stalking Horse Bidder will positively impact their ability to maximize value for their estates. Valeant has advised that it will not proceed with its bid if it is not approved as the Stalking Horse Bidder.

11.    As described in the Stalking Horse Motion, the Bidding Procedures Order provided the Debtors with authority to select a stalking horse bidder, in consultation with the Consultation Parties and upon five (5) business days' notice to certain parties in interest, and to pay the Bid Protections without further order of the Court. The Debtors are simply seeking to (i) select a Stalking Horse Bidder after the Stalking Horse Deadline and (ii) pay the same Bid Protections that have already been approved.

12.    The support of the Stalking Horse Bidder is essential to a successful sale process. The Debtors submit that the relief requested in the Stalking Horse Motion will benefit all parties in interest and that such parties have already received notice of, and did not object to, the Debtors' ability to select a stalking horse bidder and to pay the Bid Protections. Therefore, shortening the notice period will not unduly prejudice any party in interest and any such parties will still be provided with adequate notice and an opportunity to be heard on the Stalking Horse Motion.

**NOTICE**

13.     Notice of this Motion shall be given to: (i) the U.S. Trustee; (ii) counsel to

the indenture trustee for the 2.875% Convertible Senior Notes due 2016; (iii) counsel to the

Unaffiliated Noteholders; (iv) counsel to the Deerfield Noteholders; (v) the Committee; (vi) all

entities known to have expressed an interest in a transaction with respect to some or all of the

Acquired Assets at any time; (vii) all entities known to have asserted any lien, claim, interest or

encumbrance in or upon any of the Acquired Assets; (viii) all federal, state and local regulatory

or taxing authorities or recording offices which have a reasonably known interest in the relief

requested by this Motion; (ix) the United States Attorney's office; (x) the Securities and

Exchange Commission; (xi) the Internal Revenue Service; and (xii) all parties entitled to notice

pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other

or further notice is required.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, (i) shortening the notice period for the Stalking Horse Motion so that it can be heard, considered and ruled upon by the Court on February 5, 2015 at 9:30 a.m. (Eastern Time), (ii) setting such objection deadline as the Court deems appropriate, and (iii) granting such further relief as is just and proper.

Dated:  Wilmington, Delaware
         January 29, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Sarah E. Pierce*
Anthony W. Clark (I. D.  No.  2051)
Sarah E. Pierce (I. D.  No.  4648)
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman
Raquelle L. Kaye
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Counsel for Debtors and Debtors in Possession