IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DENDREON CORPORATION, et al.,[1] | ) | Case No. 14-12515 (LSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: February 20, 2015** |
| | ) | **Hearing Time: 10:00 am** |
| | ) | **Docket No. of Related Motion: 62** |
| | ) | |

**LIMITED OBJECTION OF WELLS FARGO BANK, N.A.
TO DEBTORS' MOTION SEEKING APPROVAL OF THE AMENDED AND
RESTATED ACQUISITION AGREEMENT AND
APPROVAL OF THE SALE OF THE ACQUIRED ASSETS AND
NOTICE OF DEBTOR'S FAILURE TO SATISFY SECTION 5.13 OF THE
ACQUISITION AGREEMENT**

Wells Fargo Bank, N.A. ("Wells Fargo"), the issuer of seven outstanding letters of credit in favor of certain of the Debtors, files this objection to the Debtors' Motion Seeking Approval of that certain Amended and Restated Acquisition Agreement dated as of February 4, 2015 (the "Acquisition Agreement") [Docket No. 62], by and among Debtors and Valeant Pharmaceuticals International, Inc. ("Buyer"), based on the inability of the Buyer and Debtors to satisfy their respective obligations under Section 5.13 of the Acquisition Agreement and the letters of credit

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows:  Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598), and Dendreon Manufacturing, LLC (7123).   The address of the Debtors' corporate headquarters is 1301 2nd Avenue, Seattle, Washington 98101.

and related loan documents in a manner acceptable to Wells Fargo.  This objection is supported by the factual background and discussion below and the record before the Court.

## FACTUAL BACKGROUND

1.      On or about November 10, 2014 (the "Petition Date"), the Debtors each filed petitions for relief with this Court under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Cases").

2.      Wells Fargo has issued seven letters of credit on behalf of Debtors Dendreon Corporation ("DC") and Dendreon Distribution LLC ("DD") to the beneficiaries as set forth in the chart attached hereto as Exhibit A (collectively, the "Letters of Credit").

3.      DC and DD each executed certain Standby Letter of Credit Agreements in favor of Wells Fargo (the "Letter of Credit Agreements").  See Exhibits B and C.  Section 4 of the Letter of Credit Agreements provides that DC and DD agree to pay Wells Fargo, among other items, all of its out-of-pocket fees, costs and expenses incurred under or in connection with the Letters of Credit.  See, e.g., Exhibit C ¶ 4.

4.      In connection with and as a condition to Wells Fargo's issuance of the Letters of Credit, DC executed a Securities Account Security Agreement dated as of September 20, 2005, which was amended and restated to add DD on June 14, 2011 (collectively, the "Security Agreements").  Pursuant to the Security Agreements, DC granted to Wells Fargo a first position security interest in DC's securities account number xxxx6872 (formerly numbered xxxx8452) (the "Securities Account") held at Wells Fargo Brokerage Services ("WFBS"), in any sub-account thereunder or consolidated therewith and all replacements or substitutions therefor, including any accounts resulting from a renumbering or other administrative re-identification thereof, as well as all certain related assets to such Securities Account to secure all obligations of DD and DC to Wells Fargo related to the Letters of Credit and the related agreements thereto. See Exhibits D & E.  The June 14, 2011 amended and restated Security Agreement specifically provides that DD and DC shall pay upon demand all payments, advances, charges costs and

expenses, including reasonable attorney's fees including, but not limited to fees incurred in connection with bankruptcy cases filed by DD and DC.  See Exhibit E ¶ 15.

5.      As an additional condition to Wells Fargo's issuance of the Letters of Credit, Wells Fargo, DC and WFBS also executed a Securities Account Control Agreement dated September 19, 2005 (the "Control Agreement") which sets forth the respective rights of such parties in and with regard to the Securities Account as well as other provisions related to the payment of fees of WFBS, receipt of account statements and Wells Fargo's security interest in the Securities Account.  See Exhibit F.

6.      In connection with the Letters of Credit, DD also entered into that certain Institutional Client Agreement, dated as of September 11, 2013 (the "Account Agreement", attached hereto as Exhibit G) by and between DD and Wells Fargo Securities, LLC.  Prior to the filing of the Bankruptcy Cases, Wells Fargo held authorization to directly debit a bank account of the Debtors for any outstanding fees and costs.  See Exhibit G ¶ 26.

7.      Since the Petition Date, Wells Fargo has refrained from debiting the Debtors' bank account.  Additionally, pursuant to Paragraph 15 of the June 11, 2011 Security Agreement, Wells Fargo has incurred attorney's fees in connection with the Letters of Credit and the Bankruptcy Cases.  Accordingly, there are outstanding fees, costs and expenses owing from DC and DD to Wells Fargo which remain unpaid and are continuing to accrue (the "Outstanding Expenses").

8.      The current combined face amount of the outstanding Letters of Credit is approximately $5 million.  The Letters of Credit Agreement and the Account Agreement require that the Securities Account be valued at 105% of the outstanding obligations of the Debtors under the Letters of Credit.  According to the account statement dated January 31, 2015, the value of the collateral in the Securities Account was $5,206,517.56.  See Exhibit H. Accordingly, Wells Fargo's interest in the Debtors' assets is oversecured, so Wells Fargo is entitled to recover all of its postpetition interest and fees pursuant to 11 U.S.C. § 506(b).

9.     The Letters of Credit will mature commencing in early 2015 on the specific respective dates listed on Exhibit A.  Prior to the Petition Date, Wells Fargo notified each of the beneficiaries under the respective Letters of Credit of its intent not to renew such Letters of Credit.  The Debtors have not notified Wells Fargo of substitute letters of credit from other financial institutions to replace the Letters of Credit.

10.    Wells Fargo has been informed and believes that the Securities Account is an excluded asset under the terms of the Acquisition Agreement and merely requests that the Securities Account be specifically identified as such in either the order approving the sale (the "Sale Order") or in the Acquisition Agreement and schedules so it is clear that the Securities Account is not being transferred free and clear of liens.

11.    Section 5.13 of the Acquisition Agreement provides as follows with regard to the Letters of Credit:

> Section 5.13.  Letters of Credit.  At or prior to the Closing, the Purchaser shall, with respect to each letter of credit described on Section 5.13 of the Seller Disclosure schedule (the "Existing Letters of Credit"), either (a) cause replacement letters of credit to be issued to the beneficiaries of such Existing Letter of Credit, obtain the originals of such Existing Letter of Credit from the beneficiary thereof to return to the issuing financial institution ("Lender") and deliver to Lender each such Existing Letter of Credit or (b) provide arrangements satisfactory to the Lender that issued such Existing Letter of Credit in the form of cash collateral, back up letters of credit or other support, in each case in a manner consented to by the Lender such that Lender will deliver to the Sellers on the Closing Date an unconditional release of all of the obligations of the Sellers with respect to such Existing Letter of Credit.

12.    Based on discussions with the Buyer, it appears that, despite its diligent efforts, the Buyer is unlikely to be able to satisfy the alternative set forth in the above cited subsection (a) of Section 5.13 of the Acquisition Agreement.  While Wells Fargo has engaged in extensive discussions with the Buyer and has suggested the terms of an acceptable arrangement pursuant to

subsection (b) of Section 5.13, no agreement acceptable to Wells Fargo in keeping with Section 5.13 has been proposed to Wells Fargo.

13.     Furthermore, the underlying concept set forth in the above cited subsection (b) is not realistic in part because it ignores the obligations of the Debtors to pay all of the Outstanding Expenses owing to Wells Fargo through the closing out of the Securities Account.  Additionally, the subsection (b) alternatives proposed to date do not adequately protect the ongoing obligations of Wells Fargo to the beneficiaries under the Letters of Credit which are also secured by the Securities Account and which must be honored by Wells Fargo in connection with draw requests made in accordance with the terms of the Letters of Credit.  Accordingly, the Debtors' demand for an unconditional release from Wells Fargo is not acceptable to the Lender and is not realistic unless and until the Outstanding Expenses through the Closing Date have been paid and any post-closing costs, fees or draws continue to be secured by the Securities Account.

WHEREFORE, Wells Fargo respectfully requests that any Sale Order entered by the Court reflect that: (a) the Securities Account is an excluded asset which remains subject to the liens of Wells Fargo; and (b) that the lien of Wells Fargo and the obligations of the Debtors under the Letters of Credit and related agreements described herein shall continue to secure the obligations under the Letters of Credit unless and until all Outstanding Expenses owing by the Debtors to Wells Fargo have been paid in full and the Letters of Credit and Wells Fargo's obligations thereunder have been properly terminated by the beneficiaries of the Letters of Credit.

DATED this 19th day of February, 2015

FERRY JOSEPH, P.A.


By: /s/ Jason C. Powell
Jason C. Powell, Esquire (No. 3768)
824 N. Market Street, Suite 1000
P.O. Box 1351
Wilmington, DE 19899
Telephone: (302)575-1555
Facsimile: (302)575-1714
jpowell@ferryjoseph.com

-and-

LANE POWELL PC


By /s/ Mary Jo Heston
    Mary Jo Heston, WSBA No. 11065
    Lane Powell PC
    1420 5th Avenue, Suite 4200
    P.O. Box 91302
    Seattle, WA 98111
    hestonm@lanepowell.com
    Telephone: 206.223.7000
    Facsimile: 206.223.7107

Attorneys for Wells Fargo Bank, N.A.