IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| DENDREON CORPORATION, *et al.,* | : | Case No.  14-12515 (LSS) |
| | : | |
| Debtors. | : | **Hearing Date: 4/29/15 at 1:00  p.m.** |
| | : | **Objection Deadline: 4/28/15 (for U.S. Trustee)** |

**UNITED STATES TRUSTEE'S RESPONSE TO
MOTION FOR APPOINTMENT OF AN OFFICIAL EQUITY COMMITTEE AND
DETERMINATION OF PREJUDICE FOR PREVIOUS NON-APPOINTMENT FILED
BY THE "DONAHUE GROUP" OF AD HOC EQUITY SHAREHOLDERS
(D.I. 526)**

In support of his Response to the Motion for Appointment of an Official Equity Committee and Determination of Prejudice for Previous Non-Appointment (the "Motion") filed by the "Donohue Group" of Ad Hoc Equity Shareholders ("Movants"), Andrew R. Vara, United States Trustee for Region 3 ("U.S. Trustee"), by his undersigned counsel, avers:

1.      This Court has jurisdiction to hear this Response.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to title 11 of the United States Bankruptcy Code.  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas System, Inc. (In re Columbia Gas System, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Response.

**PRELIMINARY STATEMENT**

4.  Section 1102(a) of the Bankruptcy Code provides that a court may order the appointment of a committee of equity security holders if necessary to assure adequate representation of the equity holders. Courts have assessed equity committee requests based on a variety of factors, but it remains universally understood that the appointment of an equity committee is the exception, not the rule. The party moving for the appointment must satisfy the burden of proving that an equity committee is needed to assure adequate representation for equity holders.

5.  The Movants have failed to satisfy this burden. In this case, two of the most important factors for this Court to consider when evaluating the Motion are: (i) whether equity holders have established a substantial likelihood that equity will receive a distribution and (ii) whether equity holders are unable to represent their interests without the formation of an official committee. The Movants have not established or proven either factor, and the Motions should be denied.

**BACKGROUND**

6.  The Debtors commenced this case on November 10, 2014 by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.  The U.S. Trustee formed the Official Committee of Unsecured Creditors ("Creditors' Committee") on November 19, 2014.

8.  On November 24, 2014, the Movants requested that the U.S. Trustee exercise discretion to appoint an equity committee under 11 U.S.C. §1102(a)(1). After soliciting and receiving input from the Debtors and the Committee, as well as conducting its own research, the U.S. Trustee notified the Movants on December 18, 2014 that the request was denied.

9. On February 20, 2015, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving a sale of substantially all of the Debtors' assets for $445 million plus $49.5 million in stock of the purchaser, Valeant.

10. As of the Petition Date, the Debtor had outstanding debt obligations of approximately $660 million, which would have to be fully satisfied before equity could receive a distribution.

11. The Movants filed the Motion on March 26, 2015, requesting that the Bankruptcy Court direct the appointment of an equity committee. See 11 U.S.C. §1102(a)(2) (providing discretionary authority to the Court to order the appointment of committees). The Court has scheduled a hearing on the Motion for April 29, 2015.

12. While the Movants will have an opportunity to present evidence at the hearing on the Motion, they have failed to meet their burden of establishing that an equity committee is necessary in these cases.

## ARGUMENT

13. The appointment of committees of equity security holders should be the rare exception in Chapter 11 cases. *See In re Spansion, Inc.,* 421 B.R. 151, 156 (Bankr. D.Del. 2009); *In re Williams Communications Group, Inc.,* 281 B.R. 216, 223 (Bankr. S.D.N.Y. 2002). The burden rests on the moving party to develop a factual record to demonstrate the need for adequate representation of equity through an official committee. *See In re Johns-Manville Corp.*, 68 B.R. 158 (S.D.N.Y. 1986); *In re Edison Brothers Stores, Inc.*, 1996 WL 534853 (D.Del. Sept. 17, 1996).

14. Equity committees should not be appointed unless equity holders establish that (i) there is a substantial likelihood that they will receive a meaningful distribution in the case under

a strict application of the absolute priority rule, and (ii) they are unable to represent their interests adequately without an official committee. *See Spansion,* 421 B.R. at 164, *Williams Communications Group*, 281 B.R. at 223.

15. The solvency of the debtor is often a dispositive factor in assessing the likelihood of a substantial distribution to equity holders. Where equity holders are unlikely to receive any meaningful recovery, it is not necessary to address other factors. *Spansion*, 421 B.R. 156 ("[I]f equity holders have no reasonable prospect of receiving a meaningful distribution . . . an equity committee could serve no legitimate role . . . ."); *Exide Techs. v. Wisc. Inv. Board*, 2001 WL 32332000, at *1-2 (Bankr. D. Del. Dec. 23, 2002) (observing that additional factors are considered if it does not appear that the debtor is hopelessly insolvent). Under the absolute priority rule (11 U.S.C. § 1129(b)(2)(B)), equity holders of a hopelessly insolvent debtor will receive no distribution.

16. Movants allege, without support, that the Debtors' assets should have sufficient value to benefit the Debtors' shareholders. Movants fail to support their position with any evidence that would support their proposed valuation of the Debtors. Instead, the Debtors' assets sold for $495.5 million in cash and stock, significantly short of the amount necessary to satisfy all debt before there can be a return to equity. Based on the record in these cases, the Debtors are not solvent and an equity committee is not warranted.

17. The moving parties should produce evidence demonstrating a substantial likelihood of a meaningful distribution to equity holders after payment in full of all pre-petition and post-petition creditors. Absent the requisite evidentiary showing, the estate should not be burdened with the substantial cost of an equity committee.

18. Even if the Movants were able to demonstrate a substantial likelihood of a

meaningful distribution to equity security holders, they must also demonstrate that the interests of equity holders cannot be adequately represented without an official committee.  "'[T]he statutory focus of § 1102(a)(2) is not whether equity holders are 'exclusively' represented, but whether they are 'adequately' represented.'" *Spansion, supra,* 421 B.R. at 163 (Bankr. D. Del. 2009), *quoting Edison Bros. Stores,* 1996 WL 534853 at *4.  The Movants have the initial burden of developing a factual record to demonstrate that the interests of equity holders are not adequately represented.  They have not met that burden.

19. Despite Movants' allegations to the contrary, the interests of shareholders are already represented by the Debtors' board of directors and management, who have a fiduciary obligation to maximize value of the estate for the benefit of both creditors and shareholders.  The Movants have not produced evidence sufficient to show that the interests of the board of directors and of management are not aligned with the interests of shareholders.  *Edison Bros. Stores, supra,* 1996 WL534853, at *5 (affirming bankruptcy court denial of motion to appoint equity committee where movants had not provided any evidence that management was conflicted and "incapable of adequately representing non-insider shareholders").

## CONCLUSION

20. The Movants have not met their burden to prove the necessity or appropriateness of an official committee of equity security holders.  They have failed to demonstrate that equity is likely to receive a meaningful distribution in this case, and they have failed to demonstrate that shareholder interests are not adequately represented.  Accordingly, the Motions should be denied.

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motions, and/or granting such other relief as this Court deems appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

Dated: April 22, 2015        BY: /s/ David Buchbinder
David Buchbinder
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2015, I caused to be served a copy/copies of the United States Trustee's Response Motion for Appointment of an Official Equity Committee and Determination of Prejudice for Previous Non-Appointment (the "Motion") filed by the "Donohue Group" of Ad Hoc Equity Shareholders via electronic mail to the following:

Brian L. Arban
barban@hillerarban.com

Allison R Axenrod
allison@claimsrecoveryllc.com,
allison@ecf.inforuptcy.com
notices@claimsrecoveryllc.com

Jody C. Barillare
jbarillare@morganlewis.com,
lgibson@morganlewis.com

L. John Bird
jbird@foxrothschild.com,
spage@foxrothschild.com

Morton R. Branzburg
mbranzburg@klehr.com,
jtaylor@klehr.com

David L. Buchbinder
david.l.buchbinder@usdoj.gov

Shawn M. Christianson
schristianson@buchalter.com,
cmcintire@buchalter.com

Anthony W. Clark
debank@skadden.com
wendy.lamanna@skadden.com

Mark D. Collins
rbgroup@rlf.com

Johnna M. Darby
jdarby@hillerarban.com

John D. Demmy
jdd@stevenslee.com

Jennifer L. Dering
jdering@archerlaw.com,
mfriedman@archerlaw.com
jmedio@archerlaw.com

Mark L. Desgrosseilliers
mdesgrosseilliers@wcsr.com,
klytle@wcsr.com
hsasso@wcsr.com
jwray@wcsr.com

Amish R. Doshi
adoshi@magnozzikye.com

Daniel Forman
dforman@willkie.com,
spaul@willkie.com,
jlongmire@willkie.com

Thomas M. Gaa
tgaa@bbslaw.com
yessenia@bbslaw.com

James Gadsden
bankruptcy@clm.com

Jeffrey K Garfinkle
jgarfinkle@buchalter.com,
dcyrankowski@buchalter.com
docket@buchalter.com

Lauren Garraux
lauren.garraux@klgates.com

Steven A. Ginther
deecf@dor.mo.gov

Sean T. Greecher
bankfilings@ycst.com

Victoria A. Guilfoyle
guilfoyle@blankrome.com

Kurt F. Gwynne
kgwynne@reedsmith.com,
llankford@reedsmith.com

Leslie C. Heilman
heilmanl@ballardspahr.com

Mary Jo Heston Heston
hestonm@lanepowell.com

Adam Hiller
ahiller@hillerarban.com

James E. Huggett
jhuggett@margolisedelstein.com,
nvangorder@margolisedelstein.com

Maris J. Kandestin
bankfilings@ycst.com

Monica Y. Kim
myk@lnbyb.com

Jeffrey S. Margolin
margolin@hugheshubbard.com,
lubell@hugheshubbard.com

Kathleen M. Miller
kmiller@skjlaw.com
eys@skjlaw.com

Trey A. Monsour
trey.monsour@klgates.com,
kristen.serrao@klgates.com

Pauline K. Morgan
bankfilings@ycst.com

James E. O'Neill
jo'neill@pszjlaw.com
efile1@pszyj.com

Malhar S. Pagay
mpagay@pszyjw.com,
snelson@pszyjw.com
smiller@pszyjw.com

Margaret A. Pahl
peggy.pahl@kingcounty.gov
lebryna.tamaela@kingcounty.gov
amy.tower@kingcounty.gov

Ricardo Palacio
rpalacio@ashby-geddes.com

Morgan L. Patterson
mpatterson@wcsr.com,
hsasso@wcsr.com;
jwray@wcsr.com

Sarah E. Pierce
sarah.pierce@skadden.com,
debank@skadden.com;
christopher.heaney@skadden.com;
wendy.lamanna@skadden.com

David L. Pollack
pollack@ballardspahr.com,
blunt@ballardspahr.com

Jason Custer Powell
jpowell@ferryjoseph.com

Andrew R. Remming
aremming@mnat.com,
rfusco@mnat.com
aconway@mnat.com;
mdecarli@mnat.com

Linda Richenderfer
lrichenderfer@klehr.com

Gilbert R. Saydah
KDWBankruptcyDepartment@kelleydrye.com

Jeffrey M. Schlerf
jschlerf@foxrothschild.com

Sergio I. Scuteri
sscuteri@capehart.com

Tyler D. Semmelman
semmelman@rlf.com,
rbgroup@rlf.com

Benjamin Joseph Steele
ecf@primeclerk.com

Matthew Summers
summersm@ballardspahr.com

Pamela Elchert Thurmond
pamela.thurmond@phila.gov,
pelchertthurmond@gmail.com

United States Trustee
USTPREGION03.WL.ECF@USDOJ.GOV

Christopher A. Ward
cward@polsinelli.com
LSuprum@Polsinelli.com
delawaredocketing@polsinelli.com

Matthew P. Ward
maward@wcsr.com,
klytle@wcsr.com;
hsasso@wcsr.com;
jwray@wcsr.com

Jeffrey C. Wisler
jwisler@connollygallagher.com

I further certify that on April 22, 2015, I caused to be served a copy of the United States Trustee's Response Motion for Appointment of an Official Equity Committee and Determination of Prejudice for Previous Non-Appointment (the "Motion") filed by the "Donohue Group" of Ad Hoc Equity Shareholders via United States Mail, first class, postage prepaid to the following

Brian L. Arban
Hiller & Arban
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801

Johanna M. Darby
Hiller & Arban
1500 North French Street, 2nd Floor
Wilmington, Delaware 19801

Kerry M. Donahue
Bellinger & Donahue
6295 Emerald Parkway
Dublin, OH 43016

Brian D. Glueckstein
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

David J. Jakus
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Raquelle L. Kaye
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036-6522

Felicia Gerber Perlman
Skadden,Arps,Slate,Meagher & Flom LLP
155 N. Wacker Dr.
Chicago, IL 60606

Anthony W. Clark
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Sarah E. Pierce
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Michael H. Torkin
Sullivan & Cromwell, LLP
125 Broad Street
New York, NY 10004-2498

Kenneth S. Ziman
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 1003

Pauline K. Morgan
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Sean T. Greecher
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Dated: April 22, 2015           BY: /s/ David Buchbinder
                                David Buchbinder
                                Trial Attorney
                                Office of the United States Trustee
                                J. Caleb Boggs Federal Building
                                844 King Street, Suite 2207, Lockbox 35
                                Wilmington, DE 19801
                                (302) 573-6491
                                (302) 573-6497 (Fax)