IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :    Chapter 11
                                          :
DENDREON CORPORATION, et al.,             :    Case No. 14-12515 (LSS)
                                          :
          Debtors.[1]                     :    Jointly Administered
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF (I) ENTRY OF ORDER MODIFYING AND CONFIRMING
SECOND AMENDED PLAN OF LIQUIDATION
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
PROPOSED BY THE DEBTORS AND (II) OCCURRENCE OF EFFECTIVE DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       **Plan Confirmation.** On June 2, 2015, this Court entered an order (the "Confirmation Order") modifying and confirming the Debtors' second amended plan of liquidation (the "Plan") (Docket No. 764).[2]

2.       **Copies of Plan and Confirmation Order.** The Confirmation Order included the Plan as Exhibit A. The Confirmation Order, the Plan, and the other documents filed in these cases, are available free at https://cases.primeclerk.com/dendreon/Home-DocketInfo or for a nominal fee at https://ecf.deb.uscourts.gov/ (with use of a PACER account).

3.       **Effective Date.** On June 10, 2015, the Effective Date of the Plan occurred. All conditions precedent to the Effective Date set forth in section 8.2 of the Plan have been satisfied or waived.

4.       **Professional Fee Claims.** All final requests for payment of Professional Fee Claims (the "Final Fee Applications") must be filed no later than forty-five (45) days after the Effective Date. Objections, if any, to Final Fee Applications of such Professionals must be filed and served on the Liquidating Debtors, the Plan Administrator, counsel to the Deerfield Noteholders, counsel to the Unaffiliated Noteholders, the requesting Professional and the Office of the United States Trustee no later than twenty (20) days from the date on which each such

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Dendreon Corporation (3193), Dendreon Holdings, LLC (8047), Dendreon Distribution, LLC (8598) and Dendreon Manufacturing, LLC (7123). The address of the Debtors' corporate headquarters is 601 Union Street, Suite 4900, Seattle, Washington 98101.

[2]      Capitalized terms used but not defined herein have the meanings assigned to them in the Confirmation Order or, if not used therein, in the Plan.

Final Fee Application is served and filed. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Court, the Allowed amounts of such Professional Fee Claims shall be determined by the Court. From and after the Effective Date, any requirements that professionals comply with sections 327 through 331 of the Bankruptcy Code or any order previously entered by the Court in seeking retention or compensation for services rendered or expenses incurred after such date shall terminate.

5.      **Substantial Contribution Claims.** Any Person who wishes to make a Substantial Contribution Claim based on facts or circumstances arising after the Petition Date must file an application with the clerk of the Court, on or before the first Business Day that is at least thirty (30) days after the Effective Date, and serve such application on the Liquidating Debtors and the Plan Administrator and as otherwise required by the Court and the Bankruptcy Code on or before the Administrative Claims Bar Date, or be forever barred from seeking such compensation or expense requirement.[3]

6.      **Administrative Claims.** All other requests for payment of an Administrative Claim arising after the Petition Date, other than Professional Fee Claims, claims arising under section 503(b)(9) of the Bankruptcy Code and Claims by Governmental Units for Taxes accruing after the Petition Date, must be filed with the Court and the Claims Agent and served on the Liquidating Debtors and the Plan Administrator no later than the first Business Day that is at least thirty (30) days after the Effective Date. Requests for payment must be made in writing, include supporting documents, and substantially comply with the Bar Date Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Unless the Plan Administrator or any other party in interest objects to an Administrative Claim by the Claims Objection Deadline, such Administrative Claim shall be deemed Allowed in the amount requested. In the event that the Plan Administrator or any other party in interest objects to an Administrative Claim, the Court shall determine the Allowed amount of such Administrative Claim.

7.      **Claims Objection Deadline.** "Claims Objection Deadline" means the last day for filing objections to Claims (other than Disallowed Claims for which no objection is required), which day shall be one hundred and twenty (120) days after the Effective Date, or such later date as may be ordered by the Court.

8.      **Executory Contracts and Unexpired Leases.** The Confirmation Order constituted an order of the Court approving (i) the rejections described in Article VII of the Plan; and (ii) the assumptions of the contracts listed on Exhibit B to the Second Plan Supplement, in both cases pursuant to Bankruptcy Code section 365, as of the Effective Date.

9.      **Rejected Contracts and Leases.** Except as otherwise provided in the Plan, the Sale Order, or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date, unless such contract or lease (i) previously has been assumed or rejected by the Debtors, (ii) expired or terminated pursuant to its own terms, (iii) was the subject of a motion to

---

[3]     For the avoidance of doubt, these procedures shall not apply to the Committee Member Substantial Contribution Claim and the Deerfield Substantial Contribution Claim.

assume or reject pending before this Court as of the Confirmation Date, or (iv) is identified on Exhibit B to the Second Plan Supplement as a contract to be assumed.

10.     **Rejection Damages Bar Date.** If the rejection of an Executory Contract or Unexpired Lease pursuant to Article VII of the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Debtors, or their respective successors or properties unless a Proof of Claim is filed with this Court and served on counsel for the Plan Administrator within thirty (30) days after service of this notice.

11.     **Assumed Contracts and Leases.** On the Effective Date, the Debtors assumed the contracts listed on Exhibit B to the Second Plan Supplement, which is reproduced as Exhibit 1 hereto. The deadline to object to the Cure amounts on Exhibit 1 will be twenty (20) days from the date of service of this notice. Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default, if any, shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by Cure, with such Cure being provided by, at the option of the Liquidating Debtors or the Plan Administrator, either (x) Dendreon or (y) the assignee to whom such contract or lease is being assigned. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of Dendreon or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided that if there is a dispute as to the amount of Cure that cannot be resolved consensually among the parties, the Liquidating Debtors or the Plan Administrator shall have the right to reject the contract or lease for a period of five (5) days after entry of a Final Order establishing a Cure amount in excess of that provided by the Debtors.

12.     **Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.** After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest (except those listed in the Confirmation Order) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: Wilmington, Delaware
June 10, 2015

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Sarah E. Pierce*
Anthony W. Clark (I.D. No. 2051)
Sarah E. Pierce (I.D. No. 4648)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Kenneth S. Ziman
Raquelle L. Kaye
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

- and -

Felicia Gerber Perlman
155 N. Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

Counsel for Debtors and Debtors in Possession

# **EXHIBIT 1**

**Amended Schedule of Contracts to Be Assumed Under Plan**

EXHIBIT B

Amended Schedule of Contracts To Be Assumed Under Plan[1]

The Debtors will assume under the Plan any and all insurance policies maintained by the Debtors that have not expired, terminated or been assigned pursuant to their own terms on or before the Effective Date of the Debtors' plan of liquidation, including but not limited to policies providing directors and officers insurance coverage, products liability insurance coverage, fiduciary liability insurance coverage or employment practices liability insurance coverage, along with the contracts set forth herein.

| Contract Counterparty | Contract Type | Cure Amount |
|---|---|---|
| National Union Fire Ins. Co. of Pittsburgh | Employed Lawyers Liability (013404282) | $0 |
| National Union Fire Ins. Co. of Pittsburgh | Fiduciary Liability (013404722) | $0 |
| National Union Fire Ins. Co. of Pittsburgh | Directors & Officers Liability (01-297-06-67) | $0 |
| Lloyd's - Beazley UK / Hiscox UK | Directors & Officers Liability (FD1481232) | $0 |
| XL Specialty Insurance Company | Directors & Officers Liability (ELU134749-14) | $0 |
| Starr Indemnity & Liability Company | Directors & Officers Liability (SISIXFL21024514) | $0 |
| Lloyd's - Beazley UK | Directors & Officers Liability (FD1481000) | $0 |
| Lloyd's - Beazley UK / Hiscox UK | Directors & Officers Liability (FD1481245) | $0 |
| Hudson Insurance Company | Directors & Officers Liability (HN-0303-3045-061514) | $0 |
| Old Republic Insurance Company | Directors & Officers Liability (CUG 36767) | $0 |
| National Union Fire Ins. Co. of Pittsburgh | Directors & Officers Liability (01-303-20-78) | $0 |
| ACE American Insurance Company | Directors & Officers Liability (DOX G24584410 003) | $0 |
| Old Republic Insurance Company | Directors & Officers Liability (CUG 36768) | $0 |
| Argonaut Insurance Company | Directors & Officers Liability (MLX 7600956 00) | $0 |
| National Union Fire Ins. Co. of Pittsburgh | Directors & Officers Liability (01-308-57-94) | $0 |
| ACE Bermuda | Directors & Officers Liability (DNDN-13040D) | $0 |
| National Union Fire Ins. Co. of Pittsburgh | Directors & Officers Liability (01-308-66-19) | $0 |
| Western Surety Company (Bond) | Notary Public Errors and Omissions Group Policy (69696654) | $0 |
| Fidelity Management Trust Company | Services Agreement | $0 |
| Cigna Health and Life Insurance Company | Administrative Services Agreement | $0 |

---

[1]    The inclusion by the Debtors of an agreement on this Exhibit B does not constitute an admission by the Debtors that such agreement is an executory contract or unexpired lease.